361 P.2d 177

Frank MANWILL, Plaintiff and Respondent,

v.

Ernest OYLER and Leta Oyler, Defendants and Appellants.

No. 9346.

Supreme Court of Utah.

April 17, 1961.

Christenson, Novak, Paulson & Taylor, Provo, for respondent.

Olsen & Chamberlain, Richfield, for appellants.

CROCKETT, Justice.

Defendants petitioned and obtained leave to bring this interlocutory appeal to challenge the denial of their motion to dismiss the plaintiff's complaint. The only issue presented is whether it states a cause of action against them.

Plaintiff alleged that during the years 1950, 1951, 1952 and 1953 he made payments on defendants' behalf aggregating $5,506.20 on a farm now occupied by the defendants; and that in the year 1954 he transferred to defendants a grazing permit worth $1,800 and 18 head of cattle worth $3,000. It is conceded that any action on those transactions would be barred by the statute of limitations. But the plaintiff further alleged that in July or August, 1956, the defendants orally agreed to pay said sums to him. After defendants filed a motion to dismiss, he amended to state that the oral promise to pay him $5,506.20 occurred in October, 1957. The motion to dismiss was considered as directed to the complaint as amended. It was denied and they were given 15 days in which to answer. Instead of doing so, they petitioned this court for an interlocutory appeal under Rule 72, U.R.C.P.

The purpose to be served in granting an interlocutory appeal is to get directly at and dispose of the issues as quickly as possible consistent with thoroughness and efficiency in the administration of justice. But that objective is not always served by granting such an appeal. In some instances, the necessity of remanding for trial may

result in protracting rather than shortening the litigation. For this reason, whenever it appears likely that the matters in dispute can be finally disposed of upon a trial; or where they may become moot; or where they can, without involving any serious difficulty, abide determination in the event of an appeal after the trial, the desired objective is best served by refusing to entertain an interlocutory appeal and letting the case proceed to trial. Then, if an appeal is necessary, there is this additional advantage: the issues of facts have been determined and the record is viewed in the light most favorable to the judgment, instead of the reverse.

■ On the other hand, the desired objective of efficiency in procedure can be promoted, and the interlocutory appeal is properly granted, if it appears essential to adjudicate principles of law or procedure in advance as a necessary foundation upon which the trial may proceed; or if there is a high likelihood that the litigation can be finally disposed of on such an appeal. It was upon the latter basis that this appeal was permitted because the plaintiff's petition alleged that, conceding the facts to be as plaintiff claimed, he could establish no right to recover.

The position the plaintiff essays is that the earlier payments he claims to have made for the defendants' benefit placed them under moral obligation to repay him, and that this constitutes valid consideration to make their 1957 oral promise a binding contract. The rule quite generally recognized is that a moral obligation by itself will not do so.[1] Although some authorities appear to be otherwise, it will usually be found that there are special circumstances bolstering what is termed the moral obligation.[2]

■ The difficulty we see with the doctrine is that if a mere moral, as distinguished from a legal, obligation were recognized as valid consideration for a contract, that would practically erode to the vanishing point the necessity for finding a consideration.[3] This is so, first because in nearly all circumstances where a promise is made there is some moral aspect of the situation which provides the motivation for making the promise even if it is to make an outright gift. And second, if we are dealing with moral concepts, the making of a promise itself creates a moral obligation to perform it. It seems obvious that if a contract to be legally enforceable need be anything other than a naked promise, something more than mere moral consideration

1. 1 Williston on Contracts (3d ed), Sec. 148 and authorities therein cited.
2. See cases collected in Annotation, 8 A.L.R.2d 787.

3. Eastwood v. Kenyon, (1840) 11 Ad. & E. 438, 113 Eng.Reprint 482, 6 ERC 23.

is necessary. The principle that in order for a contract to be valid and binding, each party must be bound to give some legal consideration to the other by conferring a benefit upon him or suffering a legal detriment at his request is firmly implanted in the roots of our law.[4]

In urging that the moral consideration here present makes a binding contract, plaintiff places reliance on what is termed the "material benefit rule" as reflecting the trend of modern authority.[5] The substance of that rule is that where the promisors (defendants) have received something from the promisee (plaintiff) of value in the form of money or other material benefits under such circumstances as to create a moral obligation to pay for what they received, and later promise to do so there is consideration for such promise. But even the authorities standing for that rule affirm that there must be something beyond a bare promise, as of an offered gift or gratuity. The circumstances must be such that it is reasonably to be supposed that the promisee (plaintiff) expected to be compensated in some way therefor.[6]

Accepting that proposition for the sake of argument, the plaintiff has not set forth any of the facts surrounding the original transactions to show that there was any expectation that he would be compensated in this case. This may have been done advisedly because of the difficulty which would confront him: if the circumstances were such that the parties reasonably expected he was to be paid, there may have been an implied contract, which is now outlawed. Insofar as the statements in his complaint disclose, any benefits conferred on defendants would have been donative. Therefore, at the time of the alleged 1957 promise there could have existed nothing but a bare moral obligation to support the defendants' claimed oral promise to repay him. This alone would not constitute valid consideration to make a binding contract.[7]

The conclusion we have reached finds support in the fact that by our statute the time in which an action may be brought is extended by an acknowledgement or promise to pay the same but it "must be in writing and signed by the party to be charged thereby."[8] This affirmative provision, which has the effect of permitting an outlawed obligation to be renewed by a promise in writing, indicates an awareness and recognition of the well-established principle

---

4. See 17 C.J.S. Contracts § 70, p. 420; 12 Am.Jur. 564.
5. The annotation in 8 A.L.R.2d 787 at 798 refers to the material benefit rule as the "modern trend" in the law concerning moral consideration. 12 Am.Jur. Contracts § 107.
6. See e. g. Marnon v. Vaughan Motor Co., 184 Or. 103, 194 P.2d 992; Irons Investment v. Richardson, 184 Wash. 118, 50 P.2d 42.
7. See footnote 1, supra.
8. 78–12–44, U.C.A.1953.

that an oral promise will not revive such an obligation.

Since the plaintiff has not alleged facts sufficient to make the alleged oral promise of 1957 a binding contract, it was error to deny the defendants' motion to dismiss.

Reversed with directions to dismiss the action. Costs to defendants (appellants).

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.