Joseph S. GASSER, Jr., et al., Plaintiffs and Appellants,

v.

David M. HORNE et al., Defendants and Respondents,

v.

AMERICAN SAVINGS AND LOAN ASSOCIATION, a corporation, et al., Third-Party Defendants and Respondents.

No. 14513.

Supreme Court of Utah.

Nov. 18, 1976.

Don B. Allen, Ray, Quinney & Nebeker, Salt Lake City, for plaintiffs and appellants.

Arthur H. Nielsen and Joseph L. Henriod, Nielsen, Conder, Henriod & Gottfredson, Salt Lake City, for Horne and others.

Alma H. Boyce and Ralph J. Marsh, Salt Lake City, for Am. Savings & Loan Assn.

ELLETT, Justice:

Prior to June 29, 1973, plaintiffs, Joseph S. Gasser, Jr., and Freda N. Gasser, owned

1. *Horman v. Lloyd*, 28 Utah 2d 112, 499 P.2d 124 (1972) ; *Holland v. Brown*, 15 Utah 2d 422, 394 P.2d 77 (1964).

42.5% of a mobile home park in Davis County, Utah, known as the "Hillgate Terrace." In January of 1973, plaintiffs began negotiating to obtain a loan on the property sufficient to pay certain obligations of plaintiff, Joseph S. Gasser, Jr. to third parties, including a mortgage indebtedness owing on the property; and to purchase the remaining 57.5% undivided interest in the mobile home park from two other investors. Mr. Gasser was unable to obtain a loan on his own credit so he contacted defendant, Horne, for assistance in getting the proposed loan. After lengthy negotiations between the parties, plaintiffs and defendants entered into a written agreement dated June 2, 1973, but which was actually executed on June 29, 1973. The Gassers agreed to obtain 100% interest in the trailer park and then execute a deed to the defendants, conveying an undivided 50% interest in the property, in consideration for which the defendants agreed to become personally liable with the plaintiffs on a note in the amount of $1,050,000.

It was further agreed by the parties that the deed from Gasser to Horne would be held by Backman, Backman and Clark for a period of thirty days so that in the event the lending institution was able to sell 90% of the loan to an Oregon finance company without the requirement of the personal guaranty of the defendants, then plaintiff would be relieved of the obligation to convey an undivided one-half interest in the property to the Hornes. The parties also stipulated that any defaulting party would pay all costs and damages, including reasonable attorney fees.

Thereafter, plaintiffs and defendants executed the note and mortgage. American Savings & Loan advanced to plaintiff $1,050,000 which was used to acquire 100% interest in the property, and plaintiffs received, for their own use and benefit, the remaining balance of $94,050.13. Subsequent to the above transactions, American Savings & Loan Association was unable to obtain the refinancing of the loan through the Oregon finance company.

At the end of the 30-day period, plaintiffs brought this suit to prevent recordation of the trust deed and note which defendants had co-signed with the Gassers and also to prevent the recordation or delivery of the deed from Gassers to Horne of a 50% interest in the property.

The trial court rendered judgment in defendants' favor, including costs and damages, whereupon plaintiffs made this appeal.

We affirm.

Appellants argue that the Horne agreement is void for lack of consideration. This Court expounded the general rule in *Manwill v. Oyler*[1] when we said that the principal must be bound to give some legal consideration to the other party by conferring a benefit upon them or by suffering a legal detriment at their request. It has further been held[2] that there is consideration whenever a promissor receives a benefit or where promisee suffers a detriment, however slight.

There is little question that both exist in this case. Appellants received a loan which they could not have had without the Hornes signing with them. They also increased their ownership in the trailer park from 42.5% to 50% and received $94,050.13 in cash for their own personal use—benefits to the promissors. On June 29, 1973, respondents agreed to become personally liable for $1,050,000—a detriment.

Appellants raise two other arguments. First, that the Horne agreement is void as having been executed by the Gassers under duress. We summarily dismiss that point as being inconsistent with the record. Second, that the court erred in not granting appellants a jury trial. We quickly dispose of that argument because

1. 11 Utah 2d 433, 361 P.2d 177 (1961).

2. *Western Federal Savings and Loan Association of Denver v. National Homes Corporation,* 167 Colo. 93, 445 P.2d 892 (1968).

the Gassers failed to comply with Rule 38(b). Utah Rules of Civil Procedure, which requires written demand be served upon the opposing party.

In affirming the judgment of the trial court, we award costs of this appeal to respondents.

HENRIOD, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.