Emma RUGGLES, Plaintiff
and Respondent,

v.

Loyd J. BARLOW, d/b/a Barlow Trailer
Sales, Barlow Coach and Trailer Sales,
Inc., Leisure-America R–V Centers, Inc.,
Defendants and Appellants.

No. 14975.

Supreme Court of Utah.

March 16, 1978.

Robert D. Maack of Watkiss & Campbell, Salt Lake City, for defendants and appellants.

Joseph S. Knowlton, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

For five years Mr. Barlow had done business under the name of Barlow Trailer Sales, a sole proprietorship. He then incorporated the business under the name of Barlow Coach and Trailer Sales, Inc., with himself as president, and continued to use the same signs, letterheads, and contract forms that he had previously used as a single proprietor. About one year later, the corporate entity sold the business to a Nevada corporation called Leisure-America, but Mr. Barlow continued to work for the new company and permitted that company to use the old contract forms and signs of Barlow Trailer Sales which he had used when he was the sole proprietor.

The plaintiff traded her used trailer for a new one to be subsequently delivered to her. She left her old one with the company but never did receive the new trailer promised to her. The written contract was on the printed form of Barlow Trailer Sales, and the signs around the place had never been changed. She neither knew nor had any reason to know that she was not dealing with Mr. Barlow at the time she entered into the contract.

Thereafter, Barlow repossessed the business and when the plaintiff complained to him about not receiving the new trailer, he sent her a check in the amount of $1,645.00, together with a letter that was written on Barlow Trailer Sales letterhead. He deducted $250.00 from the amount due her stating that it was for expenses in securing her old trailer which she had traded in on the new one. The check did not clear the bank.

▮ The obvious consideration for this check was the goodwill that he would receive in doing the right thing by the customer of the business. However, we do not think that any new consideration was necessary to hold Mr. Barlow liable on the check. By his conduct in allowing the old signs, letterheads, and contracts to be used by the corporation, he is estopped to claim that he has no responsibility to the customer.

The plaintiff sued for the agreed value of her old trailer, to-wit: $1,895.00, together with damages, and the court granted her a judgment for $1,895.00 plus damages in the sum of $303.75, together with costs and interest. That judgment is affirmed and costs are awarded to the respondent.

CROCKETT, and HALL, JJ., concur.

WILKINS, Justice (dissenting):

I dissent.

Defendants Loyd J. Barlow, d/b/a Barlow Trailer Sales, and Barlow Coach and Trailer Sales, Inc., appeal from a judgment entered by the District Court of Davis County, sitting without a jury, awarding plaintiff $2,198.75 damages for breach of contract, together with costs and interest. Defendant Leisure-America R–V Centers, Inc., is not a party to this action, as it was not served with summons and complaint.

Defendant Loyd J. Barlow was engaged in the business of selling campers and trailers under the name of Barlow Trailer Sales, a sole proprietorship, from 1968 to 1973, at which time the business was incorporated under the name of Barlow Coach and Trailer Sales, Inc., with Loyd Barlow as President. The signs, printed letterhead and contract forms of the proprietorship were not changed, however, and Barlow continued to operate the new business with them. In March, 1974, all of the assets of the corporation, which included two sales lots, one in Bountiful, and the other in Ogden, Utah, were sold to a Nevada corporation, Leisureamerica/Finadev, Inc. (hereafter referred to as Leisure-America.) Loyd Barlow continued to work for Leisure-America at the Ogden sales lot as a salaried employee, while one or both of his sons worked at the Bountiful sales lot, together with Albert H. Krug and other principals of Leisure-America. Defendant Loyd Barlow testified that he was aware of the fact that employees of Leisure-America were using his old contract forms and signs.

On May 21, 1974, plaintiff negotiated with salesmen at the Bountiful sales lot and entered into a contract for the purchase of a new trailer home, trading in her old trailer for an allowance of $1,895. The contract, which was admitted into evidence without objection, is on one of the Barlow Trailer Sales forms, and is stamped "Barlow Trailer Sales," as seller, "by Albert H. Krug." The trailer plaintiff traded was picked up in Arizona by employees of Leisure-America, and sold by Leisure-America (which received the proceeds therefrom), but plaintiff never received her new trailer.

On or about October 15, 1974, Loyd Barlow repossessed the business as a result of the default of Leisure-America. Plaintiff complained to Barlow that she had never received her new trailer and on November 19, 1974, Loyd Barlow sent plaintiff a check in the amount of $1,645, together with a letter on "Barlow Trailer Sales" letterhead explaining that he had deducted $250 for the costs of picking up the old trailer in Arizona. The check, which is printed with the name of "Barlow Coach and Trailer Sales," was returned by the bank.

A few months later, after a reinstatement of the contract between Barlow and Leisure-America, Zions First National Bank foreclosed on the business assets for default of a loan to Leisure-America, and the entire

business was lost to both Barlow and Leisure-America.

The District Court found that plaintiff had entered into an agreement with Defendant Loyd J. Barlow, individually, though he did not execute the agreement and had no knowledge of it. The court further found that Barlow had ratified and affirmed the terms of the agreement individually, on or about October 15, 1974, which was the date Barlow repossessed the business from Leisure-America.

Defendants argue that the Court erred in allowing plaintiff to testify over a hearsay objection, that the salesmen with whom she dealt at the Bountiful sales lot had represented to her that they were the agents of the Defendant Barlow Trailer Sales. In this ruling the Court erred. An alleged agent's extrajudicial statements are hearsay and are not admissible to prove the fact of his agency.[1] The contract with plaintiff was signed by Albert H. Krug. There is no evidence in the record that Albert H. Krug was an agent of Barlow Trailer Sales with authority to bind Loyd Barlow, individually, by contract.

Plaintiff however argues that Loyd Barlow clothed Albert H. Krug with apparent authority (or authority by estoppel) as his agent by knowingly allowing Krug to use the contract forms of Barlow Trailer Sales. In order for plaintiff to prevail on a claim of apparent authority she must also show reliance thereon.[2] Significantly, it must be noted that there was no evidence presented that plaintiff relied on the fact that she was dealing with Loyd Barlow, or that she would not have entered into the contract with Krug had she known that he had no authority as Barlow's agent. Hence, her contention on this matter must fail.

Plaintiff also claims that Barlow, individually, ratified the contract and was thus bound. Defendants challenge the Court's finding of ratification on the part of Barlow in this situation where there was no consideration flowing to Barlow. They argue that the sending of the check was merely a gratuitous act on Barlow's part, a promise to pay the debt of another, to which he cannot be bound. The general rule is that there need be no new consideration to support a principal's ratification of an unauthorized act of his agent, for ratification validates the agent's authority from the inception of the contract, and the original consideration is sufficient to support the contract.[3] The rationale for this rule is that a principal should not be allowed to retain the benefits but avoid the liabilities of a contract made in his behalf. Where the principal has received no consideration, as here, however, this rationale is not applicable, and in the few jurisdictions in which the question has arisen, it has been held that one cannot be held to have ratified a contract made by another claiming to be an agent where there is no benefit accruing directly to the principal.[4] I believe this rule to be sound, for without consideration there is no binding contract.[5]

In this case plaintiff failed to show that any consideration was received by Defendant Loyd Barlow, d/b/a Barlow Trailer Sales, or by Barlow Coach and Trailer Sales, Inc. There is therefore no evidence to support the Court's finding of ratification. The plaintiff having failed in her burden of proving a binding contract between herself and the defendants, the judgment of the District Court should be reversed.

1. *Santi v. Rio Grande Western Railroad Co.,* 21 Utah 2d 157, 442 P.2d 921 (1968); *Boren v. State Personnel Board,* 37 Cal.2d 634, 234 P.2d 981 (1951).

2. *Hobart v. Hobart Estate Co.,* 26 Cal.2d 412, 159 P.2d 958, 979 (1945); *Essex County Acceptance Corp. v. Pierce Arrow Sales Co.,* 288 Mass. 270, 192 N.E. 604, 607 (1934). See also 3 Am.Jur.2d, Agency § 75.

3. See 3 Am.Jur.2d, Agency § 169, 2A C.J.S. Agency § 63.

4. *Killinger v. Iest,* 91 Idaho 571, 428 P.2d 490 (1967); *Plumb v. Curtis,* 66 Conn. 154, 33 A. 998 (1895); *Bankers Protective Life Ins. Co. v. Addison,* 237 S.W.2d 694 (Tex.Civ.App.1951).

5. *Manwill v. Oyler,* 11 Utah 2d 433, 361 P.2d 177 (1961).

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.