*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2019 UT 68**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

THE SALT LAKE TRIBUNE and its reporter, MATTHEW PIPER,
*Appellees,*

*v.*

STATE RECORDS COMMITTEE,
*Appellant,*

and

BRIGHAM YOUNG UNIVERSITY,
*Intervenor and Appellant.*

No. 20180601
Heard October 4, 2019
Filed December 4, 2019

On Appeal of Interlocutory Order

Third District, Salt Lake
The Honorable Laura Scott
No. 160904365

Attorneys:

Michael Patrick O'Brien, Mark D. Tolman, C. Michael Judd,
Salt Lake City, for appellees

Sean D. Reyes, Att'y Gen., Brent A. Burnett, Asst. Solic. Gen.,
Salt Lake City, for appellant

James S. Jardine, Samuel C. Straight, Salt Lake City,
Steven M. Sandberg, David M. Andersen, Provo, for
intervenor-appellant

JUSTICE PETERSEN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, JUDGE ORME, JUDGE MORTENSEN, and
JUDGE HAGEN joined.

Having recused themselves, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PEARCE do not participate herein;
COURT OF APPEALS JUDGES GREGORY K. ORME, DAVID N. MORTENSEN,
and DIANA HAGEN sat.

JUSTICE PETERSEN, opinion of the Court:

## INTRODUCTION

¶1    The court of appeals certified this interlocutory appeal to us to determine whether the Brigham Young University Police Department is a "governmental entity" subject to the Government Records Access and Management Act (GRAMA).[1] However, after certification, the legislature amended the statute to explicitly define the police departments of private universities as governmental entities subject to GRAMA, with Brigham Young University's support. And the Salt Lake Tribune has made a new GRAMA request for the contested records under the amended statute. Accordingly, answering the question presented will not have any precedential value for future cases, and it is not clear that doing so will materially affect the final decision in this case or the ultimate determination of whether the Tribune gets the documents it seeks here. We therefore conclude that it will better serve the administration and interests of justice to remand this case back to the district court where the proceedings can be finalized and any remaining appellate questions can be handled on direct appeal.

## BACKGROUND

¶2    In 2016, the Salt Lake Tribune (Tribune) began investigating allegations that Brigham Young University (BYU) was mishandling victims' reports of sexual abuse. Specifically, the Tribune was exploring claims that BYU's Police Department (University Police) was aiding the BYU Honor Code Office in investigating and disciplining students who had reported sexual abuse for possible ecclesiastical discipline.

¶3    As part of this investigation, the Tribune's reporter Matthew Piper sent a GRAMA request[2] to the University Police. He sought

---

[1] GRAMA is set out in Utah Code sections 63G-2-101 to -901. We cite to the 2016 version of GRAMA because it was the law in effect at the time of the Salt Lake Tribune's initial request. *See Schroeder v. Utah Att'y Gen.'s Office*, 2015 UT 77, ¶ 9 n.1, 358 P.3d 1075.

[2] Under GRAMA, a person has a right, subject to some exceptions, "to inspect a public record free of charge." UTAH CODE § 63G-2-201(1)(a). To do so, that person must submit a written request that includes, among other things, "a description of the

(continued)

three categories of documents: (1) all police records since 2011 referencing the term "honor code"; (2) all GRAMA responses from the University Police to the BYU Honor Code Office or Title IX Office since 2011; and (3) all emails between the University Police and six specified email addresses.

¶4    The University Police provided documents related to the first two categories, but it refused to provide documents related to the third category. According to the University Police, it did not have any "such law enforcement/public safety records related email" "[w]ithin the scope of the [Tribune's] GRAMA request."

¶5    The Tribune appealed the University Police's denial to the Utah State Records Committee. After determining that the University Police was not a "governmental entity" within the meaning of GRAMA, the Records Committee concluded that it lacked jurisdiction and ultimately denied the appeal.

¶6    The Tribune timely petitioned the district court for judicial review of the Records Committee's decision. The Records Committee moved to dismiss that petition, arguing that neither BYU nor the University Police is a "governmental entity" subject to GRAMA. BYU intervened in the action and joined the motion to dismiss. Following a hearing, the district court issued a written order denying the motion.

¶7    After completing discovery, the Tribune and BYU filed competing motions for summary judgment. The district court granted the Tribune's motion, concluding that the University Police is a "governmental entity" under GRAMA. It denied BYU's motion.

¶8    BYU petitioned for permission to appeal the district court's interlocutory order. The court of appeals granted the petition and then certified the case to us.

¶9   Subsequently, during the 2019 legislative session, the legislature amended GRAMA to include the University Police as a "governmental entity" subject to the statute's disclosure provisions. *See* UTAH CODE § 63G-2-103(11)(b)(vi) (2019); *see also id.* § 53-1-102(1)(c)(i)(C). At oral argument, the Tribune acknowledged that it has made a new GRAMA request for the contested records to the University Police under the amended GRAMA statute. Oral

___

record requested that identifies the record with reasonable specificity." *Id.* § 63G-2-204(1)(a)(ii).

Argument, *Piper v. State Records Committee* (Oct. 4, 2019) (https://www.youtube.com/watch?v=-4FZ9pU0yzQ).

¶10 We exercise jurisdiction under Utah Code section 78A-3-102(3)(b).

## ANALYSIS

¶11 This case comes to us on interlocutory appeal. The decision to grant a petition to review an interlocutory order is discretionary. *See* UTAH R. APP. P. 5(g). "[I]t is not an appeal as a matter of right." *Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 14, 428 P.3d 1133. Utah Rule of Appellate Procedure 5(g) provides that we "may" grant a petition for interlocutory appeal "only if it appears that the order involves substantial rights and may materially affect the final decision or that a determination of the correctness of the order before final judgment will better serve the administration and interests of justice."

¶12 The court of appeals certified this case to us to resolve the important question of "whether or under what circumstances the Government Records Access and Management Act may apply to a private university's police department." But since that time, there have been substantial legal and factual developments that have changed the rule 5 analysis.

¶13 First, the legislature amended GRAMA in 2019 to unequivocally include the University Police as a "governmental entity" subject to the statute's disclosure provisions. *See* UTAH CODE § 63G-2-103(11)(b)(vi) (2019) (defining "[g]overmental entity" to include "a law enforcement agency, as defined in [s]ection 53-1-102, that employs one or more law enforcement officers"); *see also id.* § 53-1-102(1)(c)(i)(C) (defining "[l]aw enforcement agency" to include "an entity or division of . . . a private institution of higher education, if the entity or division has been certified by the commissioner [of public safety]"). There is no question that after the effective date of these amendments, the University Police is subject to GRAMA. Accordingly, any decision we rendered here would have no precedential value for future cases.

¶14 Second, the Tribune argues that the amended statute also resolves the dispute here. The Tribune asserts that even if we were to determine that the University Police is not a "governmental entity" under the 2016 GRAMA statute, the 2019 statute would require it to turn over the contested records in this case. This is because GRAMA (which now clearly defines the University Police as a "governmental entity") requires such entities to turn over any records they

"prepared, owned, received, or *retained*." *Id.* § 63G-2-103(22)(a)(i) (emphasis added). And the University Police currently "retains" the disputed records. So arguably, even if we answered whether the University Police is a "governmental entity" under the 2016 statute, it may not materially affect the final decision in this case. *See* UTAH R. APP. P. 5(g).

¶15 Finally, it is unlikely that a determination of the correctness of the district court's interlocutory order would better serve the administration and interests of justice. *See id.* The Tribune's new GRAMA request seeks the same records that are contested here. Accordingly, if the University Police were to disclose the contested records in response to the new request, it would seemingly end the dispute in this case. If it did not disclose the records and the Tribune appealed, the Records Committee and the district court, if necessary, would determine whether any contested records must be disclosed based on other provisions of GRAMA rather than the 2016 definition of "governmental entity." And from our current vantage point, we can only guess what those remaining questions might be and whether an appeal would even be necessary.

¶16 So the administration and interests of justice are not served by analyzing whether the University Police was a "governmental entity" under the now-obsolete 2016 version of GRAMA. Now that the University Police's status as a "governmental entity" under GRAMA is beyond dispute, the parties might resolve the contested request without further litigation. And if there is further litigation, it would not center on the question presented here but on other currently undeveloped issues that we would be better-positioned to resolve on direct appeal. *See Manwill v. Oyler*, 361 P.2d 177, 178 (Utah 1961) (stating that we may refuse to entertain an interlocutory appeal where the matters in dispute "may become moot; or where they can, without involving any serious difficulty, abide determination in the event of an appeal after the trial").

## CONCLUSION

¶17 Accordingly, we exercise our discretion to decline to decide the issue presented in this interlocutory appeal. We remand to the district court for such proceedings as may be appropriate.