349 P.2d 720

Robert L. McMULLIN, Appellant and Plaintiff,

v.

Lynwood F. SHIMMIN and Jacquie A. Shimmin, Respondents and Defendants.

No. 8998.

Supreme Court of Utah.

March 1, 1960.

Robert B. Hansen, Salt Lake City, for appellant.

Cotro-Manes and Cotro-Manes, Salt Lake City, for respondent.

ANDERSON, District Judge.

Plaintiff's complaint was dismissed at the pre-trial conference. He had sought specific performance *or* damages to complete the purchase of the subject property after having made a written offer and depositing $100 thereon as earnest money. Plaintiff appeals.

Defendants signed a uniform Earnest Money Receipt and Offer to Purchase the real property. Plaintiff accepted the offer.

Plaintiff says defendants breached its terms by refusing to complete the purchase. Defendants deny any liability. They paid plaintiff $100 at the inception of the con-

144

tract, but plaintiff never has returned or offered to return the same. Four months later plaintiff sued for specific performance, praying in the alternative for damages incident to the breach. Three months after the action was commenced, plaintiff sold the property to others. At pre-trial the court dismissed plaintiff's complaint for failure to return or offer to return the earnest money prior to suit.

The principal issue is whether or not Andreasen v. Hansen[1] is controlling. Both the Andreasen case and the case here had to do with the sale of real property with an earnest money receipt as a vehicle for its consummation. Each receipt contains the following:

"In the event the purchaser fails to pay the balance of the said purchase price or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the seller, be retained as liquidated and agreed damages."

In both cases the earnest money was retained by the seller.

The plaintiff here acknowledges that in the Andreasen case it was held that where there has been a retention of the deposit by the seller, an action will not lie for recovery of damages for breach of the contract. He urges, however, that inasmuch as the case here is one which includes an action for specific performance, such an election as this court recognized in the Andreasen case could not be a controlling precedent here. It is true that the action here, calling for specific performance, or else damages for the breach, is by this fact distinguishable from the Andreasen case. We are not, however, called upon to determine a situation where the only prayer for relief is based on specific performance alone. We will meet that problem when and if it arises.

■ Where, as here, plaintiff chose to sell to another after commencing suit for specific performance, he lost any equitable claim. As to the claim for damages, he meets the option clause of the contract limiting recovery to the amount of the deposit.

■ The only question as to whether such limit applies is whether or not the option has been exercised. Such option is exercised by retention of the down payment. The clause tells the parties that the seller need only to retain the sum to exercise his right to keep it. The seller chooses the language. His retention becomes meaningful when he claims the buyer has breached the contract and refuses to go through with it.

1. 8 Utah 2d 370, 335 P.2d 404, 406.

Under the facts here, it is obvious that the seller claimed a breach, and consequently the Andreasen case seems determinative, wherein it was said that "The fact that the money was kept is incontrovertible evidence that the plaintiffs exercised the option to keep it. That being so, they must be deemed to have kept it for the purpose indicated in the contract. that is, as liquidated damages."

▇▇▇ The fact that suit for specific performance was filed would not exculpate plaintiff from paying back the money where the relief sought is for damages in the alternative. The remedies are mutually exclusive, and logically, therefore, the plaintiff must be bound by all of the legal implications of his claim for damages for breach. By virtue of the retention of the deposit and the ruling in the Andreasen case, it seems inescapable that the cause of action for damages must be treated with no greater respect than if it had been filed without a joinder for specific performance.

It appears that the complaint was properly dismissed and the judgment is affirmed, with costs to defendants.

CROCKETT, C. J., and WADE and HENRIOD, JJ., concur.

McDONOUGH, Justice.

I dissent: see. my dissent in Andreasen v. Hansen, 8 Utah 2d 370, 377, 335 P.2d 404, 409.