354 P.2d 856

Wayne C. CLOSE, Plaintiff and Respondent,

v.

Harold G. BLUMENTHAL and Virginia A. Blumenthal, Defendants and Appellants.

No. 9196.

Supreme Court of Utah.

Aug. 12, 1960.

McDonough, J., dissented.

A. M. Marsden, Glen S. Hatch, Salt Lake City, for appellants.

Dallas H. Young, Jr., Provo, for respondent.

CROCKETT, Chief Justice.

Defendants appeal from a judgment for specific performance of an earnest money agreement for the purchase of real property.

On the 28th day of April, 1959, at Provo, Utah, defendants Harold and Virginia Blumenthal, in connection with buying a home, signed a document entitled "Earnest Money Receipt and Offer to Purchase," which was also signed by the plaintiff, Wayne C. Close,

as seller. The agreement called for $500 at the time it was signed, which was paid, and for the remaining $25,500 of the purchase price to be paid by June 1, 1959. The defendants did not pay this amount but notified the plaintiff that they would not complete the purchase of the property.

The language of the agreement pertinent to the issues here involved is: "In the event the purchaser fails to pay the balance of said purchase price, or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the seller, be retained as liquidated and agreed damages." The plaintiff did not return, nor offer to return, the $500 before commencing this action.

The question here is whether he can thus retain the money advanced and also get specific performance of the agreement.

▮▮▮ This Court on two occasions recently has ruled that under earnest money agreements containing clauses identical to the one quoted above, where the buyer failed to complete the purchase, the sellers could not retain the deposit and also recover damages, Andreasen v. Hansen, 8 Utah 2d 370, 335 P.2d 404; McMullin v. Shimmin, 10 Utah 2d 142, 349 P.2d 720. It was held that where there was an option to be exercised regarding the forfeiture of the deposit as liquidated damages, the fact that the money was kept was incontrovertible evidence that the seller had exercised the

option to keep it; and that being so, he was deemed to have kept it for the purpose indicated in the contract, that is, as liquidated damages. We are now asked to come to a different conclusion because of the fact that the plaintiff here is seeking specific performance instead of damages, but we see no rational basis for doing so.

▮▮▮ In regard to earnest money receipts of this character, it is pertinent to observe that the attempt to enforce this clause of the contract is almost invariably against a purchaser who has been induced to sign it and deposit money under the impression that its forfeiture will be the extent of his loss if he decides not to buy the property. And the suit is by a seller who wants to be sure to keep the money in hand, and also seek additional relief. This clause is for the benefit of the seller. He will obviously always choose the option to his advantage and to the disadvantage of the buyer. Under those circumstances the clause should be strictly applied against the seller and he should be held to meet its requirements with exactness.

▮▮▮ It is further to be kept in mind that specific performance is an equitable remedy. Such remedies are usually granted in lieu of legal relief only when the latter would be inadequate. Accordingly, a court of equity will not look with favor upon a claim for relief beyond the amount of money which the contract recites the seller may

**54**

retain as liquidated damages in the event of nonperformance. It is further to be observed that to permit the seller to retain the money and also to sue for specific performance would in effect render the option clause meaningless by not requiring him to exercise his option. It seems only fair and reasonable that where the contract provides that the seller may "at his option" retain the earnest money payment as liquidated damages, in lieu of enforcing the contract, he should be required to make his choice to do one or the other, and to act consistently therewith. That he has his choice is enough without giving him the advantage of both alternatives and thus providing two strings to his bow. The plaintiff having kept the $500 must be deemed to have kept it for the purpose indicated in the contract, this is, as liquidated damages and is precluded from the other remedy.

Reversed with directions to enter judgment for the defendants. Costs to defendants (appellants).

WADE, HENRIOD and CALLISTER, JJ., concur.

McDONOUGH, Justice (dissenting).

I dissent. I can see no logic in requiring the plaintiff to pay or tender $500 and then sue for $25,500. See my dissenting opinion in Andreason v. Hansen referred to in the main opinion.