393 P.2d 399

J. LaMar RICHARDS and Lynn P. Richards, Plaintiffs and Respondents,

v.

John VATSIS, Defendant and Appellant.

No. 10049.

Supreme Court of Utah.

June 25, 1964.

Kenneth M. Hisatake, Salt Lake City, for defendant and appellant.

Watkins & Wilkins, Walter P. Faber, Jr., Salt Lake City, for plaintiffs and respondent.

McDONOUGH, Justice.

Defendant appeals from a judgment in favor of the plaintiffs arising from defendant's breach of an earnest money agreement.

There are two earnest money agreements involved in this case and it is essential to set out the circumstances surrounding both agreements. On August 7, 1962, defendant signed an earnest money agreement and paid $100.00 to the real estate agent as earnest money on purchase of plaintiffs' home. As part of the transaction, defendant traded his equity in his home to plaintiffs. and represented that there was no lien thereon. In fact, there was a $4,000.00 judgment lien against his house. Plaintiffs asked defendant to remove the lien but he refused to do so. Plaintiffs then asked defendant several times to move from plaintiffs' home believing that the first earnest money agreement was terminated and defendant's $100.00 was forfeited. All of these events transpired prior to October 9, 1962.

On October 9, 1962, defendant and the real estate agent entered into a second earnest money agreement which was presented for plaintiffs' approval to enable defendant to stay in the plaintiffs' house. This agreement contained a recital that $350.00 was paid as earnest money. Defendant gave a check to plaintiffs for $250.00. The real estate agent apparently agreed to credit defendant with $100.00 because he had previously paid $100.00 under the first agreement. Plaintiffs never authorized such an arrangement in regard to the $100.00 credit nor does the earnest money agreement show it.

Defendant stopped payment on the $250.00 check and moved out of plaintiffs' home on November 3, 1962, without making any other payment to plaintiffs under the second earnest money agreement. Plaintiffs made extensive efforts to sell the home and finally sold it for considerably less than the price set in the second earnest money agreement.

Plaintiffs brought an action against defendant for breach of contract under the second earnest money agreement and the

court awarded damages to plaintiffs, finding that the $100.00 was paid under the first agreement and belonged wholly to the plaintiffs inasmuch as there was a clear breach of the first agreement. As a result of the stop payment order of the $250.00 check, no earnest money was paid under the second agreement and consequently the plaintiffs could not be required to tender back earnest monies they had not received.

Defendant contends that the plaintiffs cannot sue for damages under the earnest money agreement because they failed to tender the $100.00 credited as part of the second earnest money agreement, citing Close v. Blumenthal, 11 Utah 2d 51, 354 P. 2d 856

The trial court correctly distinguished this case from the Blumenthal case in that here, no money was received by the plaintiffs under the second money agreement. The $100.00 paid under the first earnest money agreement was accepted by plaintiffs as liquidated damages for the breach of such agreement and therefore was not part of the earnest money in the second agreement. The evidence discloses that no money was paid under the second earnest money agreement. Therefore the trial court did not err in granting judgment to the plaintiffs.

Affirmed. Costs to respondents.

HENRIOD, C. J., and CALLISTER, WADE, and CROCKETT, JJ., concur.