Ray DOWDING, Plaintiff and Appellant,

v.

LAND FUNDING LIMITED and Imperial Realty Company, Defendants and Respondents.

No. 14392.

Supreme Court of Utah.

Oct. 6, 1976.

David B. Boyce of Backman, Clark & Marsh, Salt Lake City, for plaintiff and appellant.

Jon C. Heaton, Salt Lake City, for Land Funding, Ltd.

E. H. Fankhauser of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for Imperial Realty.

HENRIOD, Chief Justice:

Appeal from a judgment granting a motion to dismiss an action arising out of an "Earnest Money" dispute. Affirmed with costs to defendants.

Dowding's agent, Imperial, prepared an Earnest Money Certificate, calling for $200 down payment, which was paid to Dowding's real estate agent, and "$4,800 when Seller approves the sale." The Seller did not receive the $4,800 under any concluded contract or otherwise, principally for several reasons, included in which was Dowding's insistence on different and changed conditions.

Dowding sued Land Funding for damages under the Earnest Money Agreement, which provided that "amounts paid herein shall, at the option of the seller, be retained as liquidated and agreed damages." He did not, nor did his agent, offer to return the $200, which was deposited with the clerk of the court after the suit was filed, so his damages obviously appear to be $200 *as agreed*.

Dowding's brief attempts to point out factual distinctions between cases that heretofore we have processed,[1] such as one being in equity instead of at law, one suing for less than all the contract price, etc., which we consider to be distinctions without pertinence to the basic problem, that under the terms of the Earnest Money Agreement if the sale is not consummated, the damages are as mentioned above, where the Seller opts to retain the amounts paid as was the case here, where no offer to return the sum was made.

We think the cases in the footnote are dispositive.

ELLETT, CROCKETT, and MAUGHAN, JJ., and ERNEST F. BALDWIN, Jr., District Judge, concur.

---

1. *Andreasen v. Hansen,* 8 Utah 2d 370, 335 P.2d 404 (1959) ; *McMullin v. Shimmin,* 10 Utah 2d 142, 349 P.2d 720 (1960) ; *Close*

*v. Blumenthal,* 11 Utah 2d 51, 354 P.2d 856 (1960).