2002 UT App 258

**Daniel C. McKEON and Lisa McKeon, Plaintiffs, Appellants, and Cross-appellees,**

v.

**Kenneth CRUMP and Amy S. Crump, Defendant, Appellees, and Cross-appellants.**

No. 20010121–CA.

Court of Appeals of Utah.

Aug. 1, 2002.

Nelson Abbott, Abbott Spencer & Smith LLC, Provo, for Appellants.

Richard D. Bradford, Bradford Brady & Johnson, Provo, for Appellees.

Before Judges BILLINGS, GREENWOOD, and THORNE.

## OPINION

GREENWOOD, Judge:

¶ 1 Daniel and Lisa McKeon (the McKeons) appeal the trial court's grant of Kenneth and Amy Crump's (the Crumps) motion to dismiss with prejudice based on the McKeons' failure to return the earnest money deposit to the Crumps before filing suit. We affirm.

## BACKGROUND

¶ 2 On October 25, 1999, the McKeons and the Crumps entered into a Real Estate Purchase Contract (the Purchase Contract) for the sale of the McKeons' home to the Crumps. As part of the Purchase Contract, the Crumps paid the McKeons $2,500 as an earnest money deposit. The Crumps invoked the appraisal condition under the Purchase Contract, whereby the Crumps' obligation to purchase the home was conditioned on the property appraising for not less than the purchase price. On December 3, 1999, the Crumps' attorney sent a letter to the McKeons' attorney alleging that the appraisal was "seriously flawed" and was rejected by the Crumps. The Crumps hired another appraiser, but the McKeons would not let the new appraiser inside their home. The second appraisal ultimately was less than the purchase price.

¶ 3 On December 2, 1999, the McKeons filed a lawsuit against the Crumps, seeking specific performance and damages. On December 6, 1999, the Crumps gave notice that they would not go through with the purchase based on the new appraisal and demanded return of the earnest money. The McKeons had not returned the earnest money deposit to the Crumps prior to filing suit. On February 16, 2000, the McKeons filed a Motion to Deposit Earnest Money into Court. The Crumps filed a Motion in Opposition to the Deposit of Earnest Money into Court based upon the proposition that "[i]f the plaintiffs keep the Earnest Money or pay it into Court, they have elected as their only remedy liquidated damages." On May 19, 2000, in an attempt to revive or preserve their claim for specific performance, the McKeons returned the earnest money to the Crumps.

¶ 4 On June 6, 2000 and August 29, 2000, the McKeons presented their case at trial. At the close of the McKeons' case, the Crumps made a motion to dismiss based upon the McKeons' failure to return the earnest money to the Crumps before filing suit. The trial court granted the Crumps' motion to dismiss with prejudice, concluding that failure to return the earnest money was an affirmative defense that could not be waived. The trial court also awarded the Crumps attorney fees. However, the trial court reduced the attorney fee amount, finding the Crumps had waited to raise the defense and had stipulated to waive it, thereby increasing costs of the suit. The trial court also required the Crumps to return the earnest money deposit to the McKeons. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The sole issue presented is whether the trial court erred in granting the Crumps' motion to dismiss with prejudice for failure of the McKeons to return the earnest money deposit before filing suit.[1] We review an appeal from a motion to dismiss for correctness and "accept the material allegations of the complaint as true, and the trial court's

---

1. The Crumps cross-appealed the trial court's order requiring them to return the earnest money to the McKeons and reducing the Crumps' award of attorneys fees. Because the Crumps' cross-appeal was untimely filed we do not address it. *See Glezos v. Frontier Invs.,* 896 P.2d 1230, 1233 (Utah Ct.App.1995) ("[W]hen a notice of ... cross-appeal is untimely filed, we do not have jurisdiction to consider the appeal.").

ruling [will] be affirmed only if it clearly appears the complainant can prove no set of facts in support of his or her claims." *Hansen v. Department of Fin. Inst.*, 858 P.2d 184, 186 (Utah Ct.App.1993).

## ANALYSIS

¶ 6 The McKeons argue neither the language of the Purchase Contract nor Utah case law requires that their claim be dismissed with prejudice because of their failure to return the earnest money deposit prior to filing suit. The Purchase Contract is a standardized real estate agreement. The default provision at issue reads:

> If Buyer defaults, Seller may elect either to retain the Earnest Money Deposit as liquidated damages, or to return it and sue Buyer to specifically enforce this Contract or pursue other remedies available at law.

"When contract language is unambiguous, we interpret the contract as a matter of law. In so doing, [we] must attempt to construe the contract so as to harmonize and give effect to all of [its] provisions." *Tretheway v. Furstenau*, 2001 UT App 400, ¶ 9, 40 P.3d 649 (quotations and citation omitted) (alteration in original). Furthermore,

> [I]t is pertinent to observe that the attempt to enforce this clause of the contract is almost invariably against a purchaser who has been induced to sign it and deposit money under the impression that its forfeiture will be the extent of his loss if he decides not to buy the property. And the suit is by a seller who wants to be sure to keep the money in hand, and also seek additional relief. This clause is for the benefit of the seller. He will obviously always choose the option to his advantage and to the disadvantage of the buyer. *Under those circumstances the clause should be strictly applied against the seller and he should be held to meet its requirements with exactness.*

*Close v. Blumenthal*, 11 Utah 2d 51, 354 P.2d 856, 857 (1960) (emphasis added). Because the McKeons, as sellers, had the benefit of choosing the language of the default clause in the Purchase Contract, they must "meet its requirements with exactness." *Id.*

¶ 7 This court analyzed a similar default provision in *Palmer v. Hayes*, 892 P.2d 1059 (Utah Ct.App.1995). The issue before the *Palmer* court was, "[D]id the [seller's] failure to release the Earnest Money Deposit to the [buyers] before commencing their action for damages constitute, as a matter of law, an election of the remedy for liquidated damages[?]" *Id.* at 1061. For guidance, the *Palmer* court looked to four prior Utah Supreme Court cases that had analyzed whether failure to return the earnest money deposit precludes a seller from pursuing other remedies under the Purchase Contract.

¶ 8 In *Palmer*, we first looked to the analysis in *Andreasen v. Hansen*, 8 Utah 2d 370, 335 P.2d 404 (1959), which held that the plaintiffs who failed to return the earnest money deposit to defendants before filing " 'must be deemed to have kept it for the purpose indicated in the contract, that is, as liquidated damages.' " *Palmer*, 892 P.2d at 1061 (quoting *Andreasen*, 335 P.2d at 408). We concluded that *Andreasen* and those cases that followed stood for the proposition that "a seller's failure to offer to return earnest money deposits precludes the seller from pursuing other remedies." *Id.* (citing *Dowding v. Land Funding Ltd.*, 555 P.2d 957, 957 (Utah 1976) (holding that because neither seller nor his agent offered to return deposit, seller's damages were limited to deposit amount); *Close*, 354 P.2d at 857 (holding sellers who did not offer to return deposit opted for liquidated damages and were precluded from seeking specific performance); *McMullin v. Shimmin*, 10 Utah 2d 142, 349 P.2d 720, 721 (1960) (same)). Accordingly, we concluded that the sellers "had an affirmative duty to release their interest in the deposit money to the [buyers] before they filed their suit for damages." *Palmer*, 892 P.2d at 1062. Therefore, the trial court was correct in granting the buyers summary judgment because "by failing to release the deposit money, the [sellers] elected to retain it as liquidated damages." *Id.*

¶ 9 The McKeons argue their case is distinguishable because they eventually returned the earnest money deposit to the Crumps. The McKeons argue that the plain language of the contract does not require one

event to occur before the other, as long as "both events ... occur before the seller actually obtains the specific performance." As we have already discussed, the language and reasoning of *Palmer* indicate otherwise.

¶ 10 For example, in *Palmer*, we stated that the issue before us was whether "the [seller's] failure to release the Earnest Money Deposit to the [buyers] *before commencing* their action for damages constitute[s], as a matter of law, an election of the remedy of liquidated damages." *Id.* at 1061 (emphasis added). Again, in dicta, the court found that "the [*Andreasen* line of] cases uniformly hold that *before* a seller may pursue a remedy other than liquidated damages, the seller must release any claim to the deposit money." *Id.* at 1062 (emphasis added). In answering the seller's argument that the *Andreasen* line of cases were not dispositive because of changes in the rules governing escrow accounts, we stated that the sellers "needed only to indicate to [the agency holding the deposit], in writing, that they released the deposit money to the [buyers]. *Then* they could have proceeded with their suit for damages." *Id.* (emphasis added). Thus, we held as a matter of law that the sellers "had to tender release of the earnest money deposit *before* pursuing other remedies." *Id.* at 1063 (emphasis added). Therefore, the McKeons' argument fails.

■ ¶ 11 Next, the McKeons argue that the defense of failure to return the earnest money deposit is an affirmative defense that can be and was waived by the Crumps. However, the trial judge determined that the McKeons' failure to return the Crumps' earnest money deposit before filing suit was an election to keep the money as liquidated damages and was an election that could not be waived. We agree.

¶ 12 In *Palmer*, the sellers argued that the holdings in the *Andreasen* line of cases were inconsistent with the election of remedies doctrine defined in *Angelos v. First Interstate Bank of Utah*, 671 P.2d 772, 778 (Utah 1983). In *Angelos*, the Utah Supreme Court defined election of remedies as a

"technical rule of procedure and its purpose is not to prevent recourse to any remedy, but to prevent double redress for a single wrong. Said doctrine presupposes a choice between inconsistent remedies, and knowledgeable selection of one thereof, free of fraud or imposition, and a resort to the chosen remedy evincing a purpose to forego all others."

*Palmer*, 892 P.2d at 1061–62 (quoting *Angelos*, 671 P.2d at 778) (emphasis added). We disagreed that the *Andreasen* line of cases conflicted with *Angelos*'s definition of election of remedies, stating, "[t]he *Andreasen* line does not dispute the fact that election of remedies is a procedural rule; the cases simply define the procedure for electing remedies." *Id.* at 1062, 335 P.2d 404. We reasoned that the default clause provides the seller with an election of remedies; however, the "procedure for electing" the remedy has to be followed as described in the *Andreasen* line of cases. *Id.* That is, the seller must return the earnest money before filing suit or will be deemed to have elected to keep it as liquidated damages. *See McMullin*, 349 P.2d at 721 ("Such [election] is exercised by retention of the down payment. The clause tells the parties that the seller need only retain the sum to exercise his right to keep it. The seller chooses the language. His retention becomes meaningful when he claims the buyer has breached the contract and refuses to go through with it.").

¶ 13 As Justice Henriod noted in his concurring opinion in *Andreasen*,

It was agreed that the sellers, at their option, could retain the amount advanced as liquidated damages if the buyers broke their promise.... [S]uch retention constituted an exercise of the option and *precluded the sellers from pursuing any other remedy.* It is inconsistent for the sellers to insist on holding the buyers to the terms of the contract and at the same time retain the money that they agreed would be the measure of damages upon breach, if they retained it. *Such inconsistency must be resolved against the sellers who not only furnished the printed contract, but who had the power of election.*

*Andreasen*, 335 P.2d at 409 (Henriod, J., concurring) (emphasis added); *see also Close v. Blumenthal*, 11 Utah 2d 51, 354 P.2d 856,

857 (1960) ("[W]here there was an option to be exercised regarding the forfeiture of the deposit as liquidated damages, the fact that the money was kept was incontrovertible evidence that the seller had exercised the option to keep it ... for the purpose indicated in the contract, that is, as liquidated damages."); *Cook v. Covey–Ballard Motor Co.,* 69 Utah 161, 253 P. 196, 200 (1927) ("The doctrine of an election rests upon the principle that one may not take contrary positions ... the deliberate and settled choice of one ... will preclude him thereafter from going back and electing again.").

¶ 14 All of the supreme court cases discussed in *Palmer,* and *Palmer* itself, came to the same conclusion despite the fact that each was at a different stage in the proceeding. *See Dowding,* 555 P.2d at 957 (unclear if this defense pleaded, defendant's motion to dismiss affirmed); *Close,* 354 P.2d at 857 (defense does not appear to have been pleaded; however, appellate court reverses plaintiff's award for specific performance based on plaintiff's failure to return earnest money, holding plaintiff had opted for liquidated damages and was precluded from seeking specific performance); *Andreasen,* 335 P.2d at 405–09 (appears defense not pleaded, judgment for plaintiff reversed for failure to return earnest money); *Palmer,* 892 P.2d at 1061 (defense pleaded and motion for summary judgment was granted).

¶ 15 We acknowledge that these cases do not specifically address the waiver issue, but a reading of these cases together with the Purchase Contract at issue indicates that the election of remedies defense, in this situation, is one that cannot be waived. *McMullin v. Shimmin,* 10 Utah 2d 142, 349 P.2d 720, 721 (1960) supports our conclusion. In *McMullin,* the court dismissed the seller's complaint at the pre-trial stage before the buyers could plead the election of remedies defense of the seller's failure to return the buyers' earnest money deposit before filing suit. *See id.* at 721. If waiver were possible, dismissal without prejudice would have been appropriate to allow the seller the opportunity to return the earnest money and then refile. Such a result would make the election of remedies doctrine meaningless. *See Close,* 354 P.2d at 857 ("[To] permit the seller to retain the [ear-

nest] money and also to sue for specific performance would in effect render the option clause meaningless by not requiring him to exercise his option."). The election of remedies doctrine does not allow a seller to choose liquidated damages, and then elect again if he or she is unsatisfied by the first choice. *See id.* ("That [seller] has his choice is enough without giving him the advantage of both alternatives and thus providing two strings to his bow."). Instead, these cases support a conclusion that the election of remedies defense under these conditions cannot be waived. *See Palmer,* 892 P.2d at 1062 ("The [*Andreasen*] line of cases uniformly hold that before a seller may pursue a remedy other than liquidated damages, the seller must release any claim to the deposit money.").

¶ 16 Our conclusion is congruent with the Purchase Contract's default provision, stating that a "seller may elect *either* to retain the Earnest Money Deposit as liquidated damages, *or* to return it *and* sue Buyer." (Emphasis added.) The language unambiguously provides that seller must elect one of the two remedies. Only if the Seller first returns the earnest money deposit may he or she then sue the Buyer.

## CONCLUSION

¶ 17 Utah case law establishes that to pursue specific performance or damages under the Purchase Contract's default clause, sellers must return the earnest money deposit before filing suit. These cases also stand for the proposition that once a seller has made his or her election of remedies, that election cannot be waived. Therefore, when the McKeons elected to keep the earnest money deposit as liquidated damages, the provisions of the default clause were satisfied and could not be waived. The McKeons are thereby precluded from pursuing alternative remedies.

¶ 18 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and WILLIAM A. THORNE JR., Judge.