2000 UT 83

**DESERT MIRIAH, INC., Plaintiff and Appellee,**

v.

**B & L AUTO, INC., and Floyd L. Denning, Defendants and Appellants.**

No. 990448.

Supreme Court of Utah.

Oct. 24, 2000.

Scott B. Mitchell, Salt Lake City, for plaintiff.

David R. Ward, Salt Lake City, for defendants.

WILKINS, Justice:

¶ 1 Defendant Denning appeals from an order of the district court dismissing his counterclaim for unjust enrichment. We affirm.

## BACKGROUND

¶ 2 Plaintiff Desert Miriah, Inc., was incorporated on August 21, 1991. At the time of incorporation, plaintiff was called "Lake Powell 'n Houseboats (3), Inc." Plaintiff's name was changed to Desert Miriah, Inc., on October 13, 1992. K. DeMarr Zimmerman (Zimmerman) was one of plaintiff's incorporators and its original president. When plaintiff was incorporated, and throughout the period relevant to this action, Zimmerman also operated a separate business under a d/b/a known as "Lake Powell 'n Houseboats."

¶ 3 After incorporation, plaintiff purchased a Sumerset Mercruiser houseboat known as the "Desert Miriah" (the houseboat). To purchase the houseboat, plaintiff transferred all of its outstanding stock to Zimmerman in exchange for Zimmerman's promise to finance the purchase. On August 26, 1991, in order to meet his obligation to plaintiff, Zimmerman, individually, and in his capacity as plaintiff's president, executed a note in the amount of $100,000 in favor of Nelson Family Enterprises, LTD (the Nelson note). Zimmerman, acting in his capacity as plaintiff's president, also executed a security agreement in favor of Nelson Family Enterprises, granting Nelson Family Enterprises a security interest in the houseboat. The Nelson note was due and payable in full on or before February 25, 1992.

¶ 4 When the Nelson note came due, Zimmerman failed to make the final payment of $50,000. After that time, the attorney for Nelson Family Enterprises contacted Zimmerman several times and informed him that if payment was not made, plaintiff's houseboat would be seized and sold in accordance with the terms of the security agreement.

¶ 5 Sometime prior to March 26, 1992, Zimmerman approached Denning and requested that Denning loan Lake Powell 'n Houseboats $50,000 to purchase a houseboat. Denning was a shareholder in Lake Powell 'n Houseboats 1, Inc., and knew of Zimmerman's business of selling shares in corporations whose sole assets were houseboats. On March 26, 1992, Denning agreed to make the loan and delivered to Zimmerman a check in the amount of $55,000 payable to Lake Powell 'n Houseboats. Zimmerman executed a promissory note in favor of Denning (the Denning note). The Denning note declared that Zimmerman d/b/a Lake Powell 'n Houseboats promised to pay Denning $50,000 on or before April 8, 1992, and was signed "K. DeMarr Zimmerman DBA Lake Powell 'n Houseboats." Zimmerman negotiated the check by signing it as "President" of Lake Powell 'n Houseboats, and delivered the proceeds to Nelson Family Enterprises.

¶ 6 Zimmerman defaulted on the Denning note. On August 20, 1992, Denning filed a Form UCC–1 with the State of Utah. However, the filing was not valid because it was not signed by the debtor and the serial number of the houseboat was incorrect.

¶ 7 In 1993, Zimmerman filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Denning did not pursue a claim in the bankruptcy proceedings, and Zimmerman's obligation to Denning was subsequently discharged.

¶ 8 In September and October of 1993, Denning attempted to take possession of the houseboat. As a result, the houseboat was eventually seized and impounded by the Kane County Sheriff's Office. Consequently, plaintiff brought suit against Denning in November of 1993. In July 1997, Denning filed a counterclaim, alleging that he is entitled to recover the $50,000 which he loaned to Zimmerman from plaintiff under a theory of unjust enrichment. On March 10, 1999, the district court entered an order dismissing Denning's counterclaim. Denning appeals.

## STANDARD OF REVIEW

¶ 9 Whether a claimant has been unjustly enriched is a mixed question of law and fact. *See Jeffs v. Stubbs,* 970 P.2d 1234, 1244 (Utah 1998). We uphold a lower court's findings of fact unless "the evidence supporting them is so lacking that we must conclude the finding is 'clearly erroneous.' " *Id.* Furthermore, we "afford broad discretion to the trial court in its application of unjust enrichment law to the facts." *Id.* at 1245.

¶ 10 Denning, however, challenges the application of this standard of review. As we said in *Jeffs* in determining how much discretion to give a trial court regarding unjust enrichment claims, we consider factors weighing for and against giving discretion to the district court's application of the law to the facts. *See id.* at 1244. We stated in *Jeffs* that the factors weighing in favor of broad discretion include:

> (i) whether "the facts to which the legal rule is to be applied are so complex and varying that no rule adequately addressing the relevance of all these facts can be spelled out"; (ii) whether "the situation to which the legal principle is to be applied is sufficiently new to the courts that appellate judges are unable to anticipate and articulate definitely what factors should be outcome determinative"; and (iii) whether "the trial judge has observed 'facts,' such as a witness's appearance and demeanor, relevant to the application of the law that cannot be adequately reflected in the record available to appellate courts."

*Id.* (quoting *State v. Pena,* 869 P.2d 932, 936 (Utah 1994)). After weighing these factors in *Jeffs,* we concluded that the district court should be granted broad discretion in applying the law to the facts in cases involving claims of unjust enrichment. *See id.* at 1245.

¶ 11 Denning urges this court to review the district court's dismissal of his unjust enrichment counterclaim for correctness, granting no discretion to the district court's application of the law to the facts in this case because the parties stipulated to the facts. Denning maintains that because the parties stipulated to the facts, the trial court did not "observe" any facts that are not presented in identical form on appeal. As a result, he claims that the third factor weighing in favor of granting discretion to the district court is absent, and therefore, we should grant no discretion to the district court in this case.

¶ 12 We disagree. Although the district court did not have the opportunity to "observe" the stipulated facts, it did have adequate opportunity to become fully acquainted with the facts. Additionally, the other reasons we described in *Jeffs* for granting the trial court broad discretion are still applicable in this case and weigh in favor of granting discretion to the district court. As we stated in *Jeffs,* the facts underlying unjust enrichment claims vary greatly from case to case, and the doctrine of unjust enrichment was specifically developed to address situations "that did not fit within a particular legal standard but which nonetheless merited judicial intervention." *Id.* at 1244–45. In *Jeffs,* we also said that an appellate court's ability to clearly articulate outcome-determinative factors in unjust enrichment cases "remains elusive," and thus favored granting the trial court broad discretion. *Id.* at 1245. Furthermore, we determined that there were no policy reasons outweighing the factors favoring broad discretion. As in *Jeffs,* we will review the district court's legal findings for correctness, granting it broad discretion in its application of unjust enrichment law to the stipulated facts.

## ANALYSIS

¶ 13 In order to prevail on a claim for unjust enrichment, three elements must be met. *See Berrett v. Stevens,* 690 P.2d 553, 557 (Utah 1984). First, there must be a benefit conferred on one person by another. *See id.* Second, the conferee must appreciate or have knowledge of the benefit. *See id.* Finally, there must be "the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Id.* The plaintiff must prove all three elements to sustain a claim of unjust enrichment. The district court concluded that Denning had not satisfied all three elements and dismissed his

counterclaim for unjust enrichment. We address each element separately below.

¶ 14 The district court did not specifically address the first required element, whether Denning had conferred a benefit on plaintiff by making the loan to Zimmerman. Plaintiff argues that it did not receive a benefit when Denning made the loan to Zimmerman because the benefit did not come directly from Denning to plaintiff. Plaintiff maintains that the benefit it received came only when Zimmerman paid off Nelson Family Enterprises, and not when Denning made the $50,000 loan to Zimmerman. However, without Denning's loan, Nelson Family Enterprises could have seized the houseboat and sold it to satisfy the unpaid note, as threatened. The benefit to plaintiff in this case was not so far removed from Denning's actions as to find that Denning did not confer a benefit on plaintiff in making the loan. The first of the three required elements was, therefore, present in this case.

¶ 15 The second required element is proof that plaintiff had knowledge or an appreciation of the benefit conferred by Denning. At the time Denning made the loan to Zimmerman, Zimmerman was president of plaintiff corporation, and as such, any knowledge that Zimmerman had was attributable to plaintiff. *See Harris–Dudley Plumbing Co. v. Professional United World Travel Ass'n, Inc.*, 592 P.2d 586, 589 (Utah 1979) (stating that president's knowledge is imputed to corporation). As stipulated by the parties, Zimmerman used the proceeds of the loan from Denning to pay off the unsatisfied portion of the Nelson note. Obviously, Zimmerman knew the Denning funds were used for this purpose. Because Zimmerman had knowledge of the benefit, plaintiff had knowledge of the benefit, and Denning satisfied the second element of unjust enrichment.

¶ 16 The third and final element that must be present for Denning to prevail on a theory of unjust enrichment is whether, under the circumstances, it would be inequitable for plaintiff to retain the benefit it received from Denning without repaying him for the loan made to Zimmerman. Discussing this element, the district court said that "it is not inequitable for Plaintiff ... to retain any indirect benefit that may have been received as a result of Zimmerman paying off the Nelson Note with the Denning loan." In reaching this conclusion, the district court considered the fact that Denning was a shareholder in Lake Powell 'n Houseboats 1, Inc., and was aware of Zimmerman's business in dealing with houseboats, and Denning did not validly file a Form UCC–1 to protect his claimed security interest in the houseboat. Additionally, the district court found that Denning did not pursue his claim against Zimmerman in Zimmerman's bankruptcy proceedings, nor did he make a reasonable effort to "challenge his discharge under the circumstance of fraud."

¶ 17 In bringing his counterclaim for unjust enrichment, Denning is seeking an equitable remedy. As stated above, we afford the district court broad discretion in its application of the law of unjust enrichment to the facts of the particular case. After considering the circumstances, the district court determined that it would not be inequitable for plaintiff to retain any benefit that it may have received when Denning made the loan to Zimmerman. The district court found that Denning had a "knowledgeable relationship" with Zimmerman, failed to protect his security interest in the houseboat, and did not pursue other legal remedies. We defer to the district court's determination that Denning did not satisfy the third requirement for a claim of unjust enrichment. Because he has not established all three elements, Denning cannot recover on a theory of unjust enrichment, and therefore, we affirm the district court's dismissal of his counterclaim.

## CONCLUSION

¶ 18 To recover on his counterclaim of unjust enrichment, Denning needed to show that (1) he conferred a benefit on plaintiff; (2) plaintiff had an appreciation or knowledge of the benefit; and (3) under the circumstances it would be inequitable for plaintiff to retain the benefit without payment of the

benefit's value. Based on the stipulated facts, the district court correctly found that Denning had not met the third element. We grant the district court broad discretion in its application of the law of unjust enrichment to the facts, and affirm the district court's dismissal of Denning's counterclaim.

¶ 19 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.