2001 UT App 164

In the Matter of the ESTATE OF
Leonard D. WATERS,
deceased.

Helena Waters, Appellant,

v.

Darla Jorgenson, Jeanna Scott, Barbara D. Reynolds, Theordora Ann (Teddi) Brown, Sherrie M. Allan, and Frederick L. Waters, Appellees.

No. 20000017–CA.

Court of Appeals of Utah.

May 24, 2001.

Wynn E. Bartholomew, Salt Lake City, for Appellant.

W. Andrew McCullough, Orem, for Appellees.

Before GREENWOOD, P.J., DAVIS, and THORNE, JJ.

OPINION

GREENWOOD, Presiding Judge:

¶ 1 Helena Waters (Appellant) appeals two interlocutory orders entered by the trial court on December 13, 1999 (the December Order) and March 16, 2000 (the March Order), respectively. Appellant argues these orders violated an earlier trial court order of June 22, 1999, (the Dever Order)[1] and a written stipulation of the parties. Appellant also argues the trial court erred in its December Order concluding that the proceeds of a lawsuit settled in Nevada would be distributed in accordance with the holding of *Switzer v. Reynolds*, 606 P.2d 244 (Utah 1980). We reverse the December Order, decline to reach issues raised by the March Order, and remand.

BACKGROUND

¶ 2 Leonard D. Waters (Decedent) was injured in an automobile-pedestrian accident in Clark County, Nevada on January 18, 1996, and died intestate on December 14, 1996. Appellant, Decedent's spouse, was informally appointed personal representative of Decedent's estate on December 29, 1997, and formally appointed on June 22, 1999. Appellant and Appellees, who are Decedent's children (Children) from a previous marriage, filed an action against the driver of the automobile in Clark County, Nevada, alleging that Decedent's injuries in the accident contributed to his death (the Nevada Action). The Nevada complaint contained three causes of action: (1) for personal injuries, medical expenses, pain and suffering, and other damages sustained by Decedent and his estate; (2) for loss of consortium brought on behalf of Appellant; and (3) for wrongful death on behalf of Appellant and Children.

¶ 3 On April 7, 1999, the parties settled the Nevada Action with the driver's insurer for the $100,000 policy limit. After deducting a medical lien, attorney fees, costs, and expenses, $30,839.94 remained payable to Appellant and Children as the plaintiffs in the Nevada Action. The settlement agreement did not direct or determine how the remaining proceeds were to be divided among the plaintiffs, nor did it allocate the settlement as to the separate causes of action.

¶ 4 The Nevada attorney for plaintiffs advised his clients of a potential conflict of interest concerning the distribution of the settlement proceeds. Each plaintiff executed a stipulation providing that the proceeds from the settlement should be paid to Decedent's estate and be administered under the laws of intestate succession as adopted in Utah.

¶ 5 Appellant filed a Petition for Approval of Wrongful Death Settlement with the Utah trial court on April 30, 1999. The trial court granted the petition subject to publication and indicated that an order would follow if there were no objections after publication. Judge Dever signed and entered the Order Approving Wrongful Death Settlement on June 22, 1999. The Dever Order directed the proceeds of the settlement be paid to the Decedent's estate. The Dever Order also stated that the Nevada plaintiffs had stipulated and agreed that the settlement proceeds should be considered an asset of Decedent's estate to be distributed to Decedent's heirs according to the laws of intestate succession of Utah.

¶ 6 The case was then assigned to Judge David S. Young. Appellant subsequently filed a Petition for Family Allowance and Reimbursement of Paid Claims and Expenses and a Petition for Homestead and Exempt Personal Property Allowances. Children filed objections to the Petition for Homestead and Exempt Personal Property Allowances and the Petition for a Family Allowance. The objections did not request

1. During the course of the proceedings below, this case was assigned to two judges. Judge L.A. Dever entered the Dever Order, which Appellant contends controls the outcome of this case. The case then rotated to Judge David S. Young, who entered the two orders that are the subject of this appeal.

that the stipulation or Dever Order be either overturned or modified.

¶ 7 The trial court held a hearing on the petitions and requested that the parties file additional memoranda. A hearing was scheduled on the petitions and objections for November 15, 1999. At this hearing, the trial court, sua sponte, directed that the settlement proceeds from the Nevada action be withdrawn from the estate and that an action in interpleader be filed by Appellant "to determine how the proceeds should be divided between the heirs." Neither party was afforded an opportunity to address the order. The trial court did not receive evidence or hear any argument relating to Appellant's petitions at that time, and did not issue a ruling on those petitions. The trial court entered the December Order holding that the remaining settlement proceeds were not the property of the estate, but that the estate was holding the proceeds for the benefit of the heirs.

¶ 8 Appellant filed an Objection to the Proposed Order and a Motion for Reconsideration. Children filed a memorandum opposing the Motion for Reconsideration. Appellant also filed a motion under Rule 54(b) of the Rules of Civil Procedure to certify the December Order as a final appealable order. The trial court held a hearing on Appellant's Objection, Motion for Reconsideration, and Motion for Approval of Homestead and Exempt Personal Property Allowances.

¶ 9 The trial court subsequently entered the March Order, denying both Appellant's objections to the December Order and Appellant's Motion for Reconsideration. The March Order also denied Appellant's petition for a homestead allowance. The trial court ordered that a further evidentiary hearing would be required to determine any exempt personal property allowance or family allowance that would be awarded. The trial court also denied Appellant's request to certify the December and March Orders as final appealable orders, stating that the unresolved allowances should be determined prior to appeal.

¶ 10 Appellant filed a Petition for Permission to Appeal Interlocutory Order, in which Appellant sought to appeal the December Order. The supreme court granted the petition and then transferred the case to this court. Subsequently, Appellant filed a motion to amend her Petition for Permission to Appeal to include the March Order and this court granted that petition. Thus, both orders are properly before us on interlocutory appeal.

ISSUES AND STANDARDS OF REVIEW

¶ 11 Appellant argues the trial court erred by contravening the Dever Order because (1) the December Order violated the "law of the case doctrine," and (2) the December Order was unsupported by the evidence. Appellant also argues the trial court erred in entering the March Order. In this order the trial court determined that Appellant was not entitled to a homestead exemption and refused to rule on the exempt personal property and family allowances until the court could conduct an evidentiary hearing. However, for the reasons explained below we do not reach these issues.

¶ 12 The December Order contains both findings of fact and conclusions of law. This court will "uphold a lower court's findings of fact unless 'the evidence supporting them is so lacking that we must conclude the finding is "clearly erroneous." ' " *Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 9, 12 P.3d 580 (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1244 (Utah 1998)). As to the legal conclusions of the trial court, "[w]e review . . . for correctness, granting no deference to the trial judge's legal determinations." *Meadowbrook, LLC v. Flower*, 959 P.2d 115, 116 (Utah 1998).

ANALYSIS

I. The December Order

A. Law of the case doctrine, findings of fact, and trial court procedure

¶ 13 Appellant argues that the December Order, which directed that the settlement proceeds be removed from the estate and that Appellant file an action in interpleader, was improper. First, Appellant argues the order violated the "law of the case" doctrine, because the December Order con-

travenes the Dever Order. "As a general principle, the law of the case doctrine . . . prevents 'one district court judge [from] overrul[ing] another district court judge of equal authority.'" *Red Flame, Inc. v. Martinez*, 2000 UT 22, ¶ 4, 996 P.2d 540 (quoting *Mascaro v. Davis*, 741 P.2d 938, 946 (Utah 1987)) (alterations in original). This doctrine "'evolved to avoid the delays and difficulties that arise when one judge is presented with an issue identical to one which has already been passed upon by a coordinate judge in the same case.'" *Id.* (quoting *Sittner v. Big Horn Tar Sands & Oil, Inc.*, 692 P.2d 735, 736 (Utah 1984)).

 ¶ 14 Appellant also argues the findings contained in the December Order are not supported by the evidence and are contrary to the language contained in the stipulation of the parties and the Dever Order. We agree, at least in part, with this second argument; and, therefore we do not address the "law of the case" argument.

¶ 15 The trial court did not have a motion to revisit the Dever Order before it. The record indicates that the trial court ruled sua sponte. Prior to the issuance of its December Order, the trial court neither requested that either party present any evidence, nor did the trial court conduct an evidentiary hearing. Nevertheless, the December Order contains findings of fact, including the following:

3. The [Nevada] action was brought in the State of Nevada, and the proceeds were turned over to petitioner herein, as personal representative of the estate, to determine the proper shares payable to the heirs.

4. The primary assets claimed by the estate at this point consist of the proceeds of the wrongful death action as set forth above.

5. Pursuant to Utah Law:
. . . the wrongful death statute creates a new cause of action which runs directly to the heirs to compensate each for the individual loss suffered by the death.

The action may be maintained by the personal representative for the benefit of the heirs or by one or more of the heirs. *Switzer v. Reynolds*, 606 P.2d 244[, 247] (Utah 1980).

6. The proceeds of the wrongful death action are not property of the [estate], but are property of the heirs. The estate holds the proceeds for the benefit thereof.

7. The estate of Leonard D. Waters, being in possession of the proceeds, is directed to file an interpleader action with this court, Pursuant to Rule 22 U.R.C.P. to determine how the proceeds should be divided between the heirs.

Accordingly, without any evidentiary support, we conclude that to the extent that the December Order contains findings of fact, those findings are clearly erroneous.[2] *See Desert Miriah, Inc.*, 2000 UT 83 at ¶ 9, 12 P.3d 580.

 ¶ 16 We also note that the procedure followed in this case by the trial court was improper. "[A] judgment must be responsive to the issues framed by the pleadings, and a trial court has no authority to render a decision on issues not presented for determination." *Combe v. Warren's Family Drive-Inns, Inc.*, 680 P.2d 733, 736 (Utah 1984); *see also Chevron U.S.A., Inc. v. Utah State Tax Comm'n*, 847 P.2d 418, 420 (Utah Ct.App. 1993). The supreme court has stated: "[T]he interests of justice are not enhanced when the court exceeds its role as arbiter by reaching out and deciding an issue that would otherwise be dead." *Girard v. Appleby*, 660 P.2d 245, 247 (Utah 1983) (footnote omitted), *overruled on · other grounds by Meadowbrook, LLC v. Flower*, 959 P.2d 115 (Utah 1998).

¶ 17 The record indicates that Appellant's petitions for exemptions and allowances, Children's corresponding objections, and the limited settlement proceeds alerted the trial court that the proceeds available for distribution to the Children would decrease with each probate exemption and allowance grant-

2. In these findings, the trial court refers to the Nevada action as a wrongful death action. However, as indicated above, the Nevada Action contained more than a wrongful death claim brought by the heirs. This distinction is important to our analysis below on the law that controls the distribution of the settlement proceeds.

ed by the trial court. The trial court determined that the estate held the proceeds for the benefit of the heirs, ordered the interpleader, and removed the proceeds from the probate estate. In so doing, the court implicitly set aside both the Dever Order, which placed the settlement proceeds in the Decedent's estate, and the stipulation of the parties, which also directed that Utah intestate distribution law would control the disbursement of the settlement proceeds. Neither Appellant nor Children requested that the trial court set aside the Dever Order or stipulation. Therefore, having "determine[d] matters outside the issues of the case" the "findings [of the trial court] will have no force or effect," *Combe,* 680 P.2d at 736, and the December Order must be set aside.

B. Controlling law

■ ¶ 18 Insofar as the December Order is based on the supreme court's decision in *Switzer v. Reynolds,* 606 P.2d 244 (Utah 1980), the order is legally incorrect. The trial court's December Order contained the following:

5. Pursuant to Utah Law:

... the wrongful death statute creates a new cause of action which runs directly to the heirs to compensate each for individual loss suffered by the death. The action may be maintained by the personal representative for the benefit of the heirs or by one or more of the heirs. *Switzer v. Reynolds,* 606 P.2d 244[, 247] (Utah 1980).

6. The proceeds of this wrongful death action are not property of the [estate], but are property of the heirs. The estate holds the proceeds for the benefit thereof.

The Order then directed Appellant to file an action in interpleader to determine the distribution of the settlement proceeds. However, the trial court erred as *Switzer* has no application to the present case.

¶ 19 It is undisputed that the parties filed their action in Nevada, settled the lawsuit in Nevada, and obtained the proceeds of the action in conformance with Nevada law. It was also proper that the case was pursued in Nevada under applicable Nevada law. The Utah Supreme Court has addressed the ap-

propriate state law to apply in a tort case. In *Forsman v. Forsman,* 779 P.2d 218 (Utah 1989), the supreme court adopted the Restatement (Second) of Conflict of Laws for application to tort cases. *See id.* at 219–20. The supreme court cited with approval section 145 of the Restatement. *See id.* at 219; *see also Records v. Briggs,* 887 P.2d 864, 867 & n. 3 (Utah.Ct.App.1994) (recognizing that Utah applies the most significant relationship test to tort cases and section 145 states the appropriate test for tort cases). Section 145 states:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145 (1971).

¶ 20 In the instant case, the accident and conduct that caused the injuries occurred in Nevada. Although the Appellant and Children were domiciled in Utah, the tortfeasor was a Nevada resident. Therefore, although never argued below, the cause of action would have been controlled by Nevada and not Utah law. Further, the Nevada action contained more causes of action than just a wrongful death claim. Therefore, the distribution of the settlement proceeds among the heirs must take these additional claims into account. Thus, one must look to Nevada law for the proper distribution of the settlement proceeds.

¶ 21 It should also be noted that Children, again citing *Switzer,* argue that the Nevada claims were improper under Utah law.

However, this argument is not relevant, as the underlying action was properly pursued pursuant to Nevada law. Therefore, in removing the Nevada settlement proceeds from the estate, the trial court improperly applied Utah law, when it should have looked to Nevada law as "that state's substantive law applies to this action." *Records*, 887 P.2d at 870.

¶ 22 Consequently, we vacate the December Order in its entirety and remand.[3] The parties may now present such motions to the trial court as they deem appropriate.

## II. The March Order

 ¶ 23 The March Order addressed issues relating to the exemptions and allowances requested by Appellant. However, in light of our decision above [4] and the posture of this case as an interlocutory appeal, these issues may become moot. The supreme court, in the context of entertaining interlocutory appeals, stated:

> [W]henever it appears likely that the matters in dispute can be finally disposed of upon a trial; *or where they may become moot; or where they can, without involving any serious difficulty, abide determination in the event of an appeal after the trial,* the desired objective is best served by refusing to entertain an interlocutory appeal and letting the case proceed to trial.

*Manwill v. Oyler*, 11 Utah 2d 433, 361 P.2d 177, 178 (1961) (emphasis added). If these issues must be revisited, they can be addressed on appeal from a final order when "the issues of fact have been determined." *Id.*

## CONCLUSION

¶ 24 No evidence was presented to the trial court to set aside the stipulation of the parties or to set aside the Dever Order; thus, the findings of fact of the trial court do not

3. Appellant also challenged that portion of the December Order instructing Appellant to file an action in interpleader under Rule 22 of the Utah Rules of Civil Procedure. Because we vacate the December Order for the reasons set forth above, we do not address this issue.

4. In their brief supporting the trial court's decision, Children suggest that the stipulation does

support the December Order. Further, the trial court failed to follow the proper procedure or apply the correct state law when it removed the settlement proceeds from Decedent's estate. Accordingly, we vacate the December Order. In the event that the settlement proceeds are distributed outside the probate proceeding, Nevada law will control the distribution. We remand the remaining issues to the trial court for resolution in conformance with the reasoning set forth herein.

¶ 25 WE CONCUR: JAMES Z. DAVIS, Judge, WILLIAM A. THORNE, Jr., Judge.

not represent their actual intent. However, Children have not made a proper motion to set aside the stipulation or the Dever Order. We also note, that in light of our decision remanding this case to the trial court and the limited settlement proceeds, the parties may be able to reach some settlement and not litigate the allowance and exemption issues.