2003 UT App 67

John GROBERG and Shauna Groberg,
Plaintiffs and Appellants,

v.

HOUSING OPPORTUNITIES, INC., a
Utah nonprofit corporation; Margaret
M. Dahle; John L. Krueger; and Gran-
ite Credit Union, a Utah corporation,
Defendants and Appellees.

No. 20010754–CA.

Court of Appeals of Utah.

March 6, 2003.

Bryan H. Booth, Kirton & McConkie, Salt Lake City, for Appellants.

J. Bruce Reading, Scalley & Reading, Salt Lake City, and Rod Gilmore, Layton, for Appellees.

Before JACKSON, P.J., BILLINGS, Associate P.J., and THORNE, J.

## OPINION

THORNE, Judge.

¶ 1 John and Shauna Groberg appeal the denial of their mechanics' lien and their claims for breach of contract and unjust enrichment. Housing Opportunities, Inc. (HOI) cross appeals, asserting that the trial court should have awarded it attorney fees. We affirm.

## BACKGROUND

¶ 2 In 1996, HOI requested that the Grobergs grant it an easement over their property. The Grobergs requested compensation, but due to the nature of their business HOI was unable to pay for the easement. The parties, instead, entered into an "exchange" agreement, whereby HOI agreed to buy the Grobergs' house (house one) for $87,500.00, to sell the Grobergs a lot in an upcoming development, to move an existing house (house two) to that lot, and then to assist the Grobergs in obtaining financing to renovate house two. In exchange, the Grobergs granted HOI the easement it sought, which they agreed would stay in place even if the contract was rescinded. The parties signed a real estate purchase agreement containing the terms of the sale of house one. The real estate purchase agreement also set forth, in general terms, the agreement that the Grobergs intended to renovate house two and then purchase it.

¶ 3 Soon thereafter, HOI moved house two and the Grobergs entered into a home repair contract with a general contractor and started renovation. The Grobergs eventually encountered problems with the contractor, fired him, and began overseeing the renovation of

house two themselves. Also, in an attempt to reduce costs, the Grobergs and their family members performed labor on the house. Unbeknownst to HOI, and outside the parameters of the home repair contract, the Grobergs began to install custom upgrades in the house. These custom upgrades exceeded the available financing and forced the Grobergs to use $10,285.22 of their own funds to further finance the renovation.

¶4 In 1998, HOI informed the Grobergs that the purchase price of house two would be $138,000. In this letter, HOI set forth the terms of the purchase of house two and warned the Grobergs that any further increase in renovation costs would increase the purchase price of house two.

¶5 In 1999, HOI informed the Grobergs that the purchase price of house two had increased to $156,532.72. This price included all the renovation costs that HOI had paid on behalf of the Grobergs as well as a $12,000 mechanics' lien filed by the general contractor. This price was considerably more than the Grobergs had expected. Frustrated with the delays and rising costs, HOI told the Grobergs that they needed to purchase house two or vacate it immediately. The Grobergs chose to exercise a provision in the real estate purchase agreement which provided:

> As a further cooperative effort, if John and Shauna Groberg do not complete [renovations to house two] or they do not feel [house two] has equal value to [house one], [HOI] will exchange [house two] for [house one], returning each to its former estate as to ownership of properties and debt. *However, the recorded easement across the west side of [house one's lot] shall be and forever remain in place.*

(Emphasis added.)

¶6 The Grobergs returned to house one but filed a mechanics' lien on house two to recover their out-of-pocket expenses spent renovating house two. HOI eventually sold house two for $149,000. HOI had paid $173,034.52 in costs to develop, administer, and renovate house two and lost approximately $24,000.00 in the sale.

¶7 Subsequently, the Grobergs filed suit, seeking to foreclose their mechanics' lien and

claiming breach of contract and unjust enrichment. The trial court found in favor of HOI. Specifically, the trial court found the mechanics' lien could not be foreclosed because HOI had no control over the renovation of house two and the Grobergs were equitable owners of house two with substantial control over the extent and cost of renovation. Furthermore, the court found the Grobergs "waived, released, surrendered or contracted away their [mechanics'] lien rights when they signed" the real estate purchase agreement.

¶8 The court next found that the real estate purchase agreement was fully integrated except as to the purchase price of house two, the parties orally agreed that the purchase price of house two was $138,000, or, in the alternative, the November 11, 1998 letter in which HOI informed the Grobergs the house would cost $138,000 constituted an amendment to the real estate purchase agreement ratified by the Grobergs. The court rejected the Grobergs' argument that the purchase price of the house was the cost of renovation and, therefore, found that HOI had not breached the real estate purchase agreement.

¶9 The court then concluded the Grobergs failed to prove that HOI had promised to pay additional compensation for the easement if HOI did not buy house one. Finally, the court found the Grobergs did not prove that HOI had been unjustly enriched, because it found that HOI received no benefit from the sale of house two. The Grobergs appeal.

ISSUES AND STANDARDS OF REVIEW

¶10 The Grobergs first argue that the trial court erred in refusing to foreclose their mechanics' lien. A determination as to whether the statutory elements of a mechanics' lien have been satisfied is a mixed question of law and fact. *See Bailey v. Call,* 767 P.2d 138, 139–40 (Utah Ct.App.1989) (quotations and citation omitted). The findings of fact "shall not be set aside unless clearly erroneous," and "we review [the] trial court's conclusions of law under a correction of error standard." *Id.* at 139 (quotations and citations omitted).

 ¶ 11 The Grobergs next argue, for the first time on appeal, that HOI breached its contractual duty to sell house two for $138,000. "As a general rule, appellate courts will not consider an issue, including a constitutional argument, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances." *State v. Brown*, 856 P.2d 358, 359 (Utah Ct.App.1993).

 ¶ 12 Lastly, the Grobergs argue that HOI was unjustly enriched.

> Whether a claimant has been unjustly enriched is a mixed question of law and fact. We uphold a lower court's findings of fact unless the evidence supporting them is so lacking that we must conclude the finding is clearly erroneous. Furthermore, we afford broad discretion to the trial court in its application of unjust enrichment law to the facts.

*Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83,¶ 9, 12 P.3d 580 (quotations and citations omitted).

 ¶ 13 On cross-appeal, HOI argues the trial court should have awarded it attorney fees for defeating the Grobergs' claims of breach of contract and unjust enrichment. "Attorney fees are generally recoverable in Utah only when authorized by statute or contract." *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68,¶ 52, 56 P.3d 524.

### ANALYSIS

 ¶ 14 The Grobergs first argue that the trial court erred when it found they were not entitled to file a mechanics' lien against house two. Pursuant to Utah Code Ann. § 38–1–3 (2001),[1] to assert a mechanics' lien, the work must have been done "at the instance of the owner or of any other person acting by his authority as agent, contractor, or otherwise."

> The Utah Supreme Court, discussing an agent's authority to bind the owner/principal under the mechanics' lien statute, has stated "the facts of the transaction must be explored .... [T]he courts have often gone beyond the agreement and into the whole

circumstances ... in order to find the answer." *Interiors Contracting Inc., v. Navalco*, 648 P.2d 1382, 1387 (Utah 1982) (quoting *Utley v. Wear*, 333 S.W.2d 787, 792–93 (Mo.Ct.App.1960)). In making this evaluation, "[s]o long as it can be found that the [contractor] performed the work at the instance of [the owner] under an express or implied contract ... the lien is valid." *Dugger v. Cox*, 564 P.2d 300, 302 (Utah 1977). If it appears the improvements are for the benefit of the owner, and performed at the instance of the owner's agent, "then it can be said with justice that the [contractor] in such case is acting for the [owner]." *Zions First Nat'l Bank v. Carlson*, 23 Utah 2d 395, 464 P.2d 387, 390 (1970).

*Bailey*, 767 P.2d at 140 (alterations in original).

¶ 15 Here, the trial court made a factual finding that HOI did not request the renovation of house two. In making its factual finding, the trial court reasoned that the renovation on house two was for the Grobergs' benefit, and that the Grobergs exerted control over who was to do the work and how the renovation was to be done. Based on these factual findings, the court concluded the Grobergs were not permitted to file a mechanics' lien, because their work had not been performed "at the instance of [HOI]." Utah Code Ann. § 38–1–3.

 ¶ 16 The Grobergs challenge this factual finding. "In reviewing a factual determination, we defer to the decision of the trial court...." *Nu–Trend Elec. Inc., v. Deseret Fed. Sav. & Loan Ass'n Inc.*, 786 P.2d 1369, 1371 (Utah Ct.App.1990). Furthermore,

> [t]o successfully challenge a trial court's findings of fact on appeal, [a]n appellant must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be against the clear weight of the evidence, and thus making them clearly erroneous.

*Valcarce v. Fitzgerald*, 961 P.2d 305, 312 (Utah 1998) (quotations and citations omit-

---

1. For convenience, and because there has been no material change in the statute relevant to this opinion, the most recent version of the statute is cited.

ted). The Grobergs have not marshaled the evidence to show that the renovation was done "at the instance" of HOI. Thus, we defer to the trial's findings that HOI did not request the renovation of house two and that the Grobergs were not entitled to file a mechanics' lien.[2]

¶ 17 The Grobergs next argue that HOI breached the real estate purchase agreement when it refused to sell house two and the lot to which it had been moved for $138,000. First, the real estate purchase agreement on which the Grobergs rely does not contain a purchase price for house two. The absence of this term prompted the trial court to find the real estate purchase agreement fully integrated except as to this term. After receiving evidence, the trial court found that the purchase price of house two was $138,000.

¶ 18 At trial, the Grobergs disputed the fact that the purchase price of house two was $138,000 and, instead, argued the agreed upon purchase price was the cost of renovation. Even though the Grobergs never asked the trial court to consider the issue below, the Grobergs now argue that HOI breached its contractual obligation by not selling house two for $138,000.

¶ 19 "Utah courts require specific objections in order 'to bring all claimed errors to the trial court's attention to give the court an opportunity to correct the errors if appropriate.'" *State v. Brown*, 856 P.2d 358, 361 (Utah Ct.App.1993) (quoting *VanDyke v. Mountain Coin Mach. Distrib., Inc.*, 758 P.2d 962, 964 (Utah Ct.App.1988)). "This specificity requirement arises out of the trial court's need to assess allegations by isolating relevant facts and considering them in the context of the specific legal doctrine placed

at issue." *Id.* "The 'mere mention' of an issue without introducing supporting evidence or relevant legal authority does not preserve that issue for appeal." *Id.* (quoting *LeBaron & Assoc. v. Rebel Enters.*, 823 P.2d 479, 483 (Utah Ct.App.1991)). "[F]or an issue to be sufficiently raised, even if indirectly, it must at least be raised to a level of consciousness such that the trial judge can consider it." *Id.* (quotations and citations omitted).

¶ 20 After reviewing the record, we conclude that the Grobergs did not bring this issue to the trial court's attention. Throughout trial, the Grobergs insisted the renovation cost would be the purchase price of the home and never argued that the agreed upon price was $138,000. Thus, the trial court properly found no breach of contract.[3]

¶ 21 Finally, the Grobergs argue that HOI was unjustly enriched.

In order to prevail on a claim for unjust enrichment, three elements must be met. First, there must be a benefit conferred on one person by another. Second, the conferee must appreciate or have knowledge of the benefit. Finally, there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.

*Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 13, 12 P.3d 580 (quotations and citations omitted). The trial court found that at the time HOI sold house two and HOI had invested $173,034.52 in the house. Because the eventual cost of house two was much higher than HOI had expected and because house two sold for much less than HOI's

---

2. The Grobergs also argue the mechanics' lien is not precluded by their equitable interest in house two and that they did not waive their right to file a mechanics' lien when they signed the real estate purchase agreement. We do not address these arguments because we find the Grobergs' failure to marshal the evidence to be dispositive of the mechanics' lien issue.

3. Moreover, under the real estate purchase agreement, the Grobergs had the option to return to house one. The Grobergs chose this option. The plain language of the contract provided that:

"Where a Section of this Contract provides a specific remedy the parties intend that the remedy shall be exclusive regardless of rights which might otherwise be available under common law." In choosing to return to house one, the Grobergs elected their remedy under the contract and cannot now sue for breach. *Cf. McKeon v. Crump*, 2002 UT App 258, ¶ 6, 53 P.3d 494 (noting that seller's failure to return earnest money deposit before filing suit is an election to keep the money as liquidated damages and precludes other remedies under the contract).

investment in the house, we conclude that the trial court properly determined HOI had not been unjustly enriched by the Grobergs.[4]

¶ 22 The Grobergs also argue that HOI was unjustly enriched because it obtained an easement without paying compensation. We are unpersuaded. The Grobergs entered into a real estate purchase agreement whereby they agreed to give HOI an easement. In exchange, they were given the option to purchase a fully renovated house or keep their original house. The real estate purchase agreement was clear that the easement would remain in place regardless of the Grobergs' choice. The Grobergs voluntarily entered into this real estate purchase agreement, and thus, the retention of the easement by HOI without compensation is not unjust enrichment.[5] *Cf. Bray Lines v. Utah Carriers*, 739 P.2d 1115, 1117 (Utah Ct.App. 1987) (concluding that "[t]he fairness or unfairness, folly or wisdom, or inequality of contracts are questions exclusively within the rights of the parties to adjust at the time the contract is made" (quotations and citation omitted)).

¶ 23 On cross-appeal, HOI seeks attorney fees. At trial, the Grobergs unsuccessfully argued their breach of contract and unjust enrichment claims. HOI now claims that the trial court should have awarded it reasonable attorney fees for defeating these claims. It is well established that "[a]ttorney fees are generally recoverable in Utah only when authorized by statute or contract." *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 52, 56 P.3d 524. In light of the defeat of the mechanics' lien and the rescission of the contract, HOI has argued no contractual or

statutory basis for awarding fees. Thus, the trial court had no grounds to award attorney fees and properly declined to do so.

## CONCLUSION

¶ 24 The trial court found that the renovation of house two was not done at the request of HOI and properly refused to foreclose the mechanics' lien. The Grobergs' claim that HOI breached its promise to sell house two for $138,000 is not well taken, because the Grobergs failed to preserve this argument below. Additionally, the trial court found that HOI received no benefit from the sale of house two and the Grobergs did not dispute this finding on appeal. Thus, the trial court properly found that HOI was not unjustly enriched. Finally, HOI was not entitled to an attorney fees award for defeating the Grobergs' claims for breach of contract and unjust enrichment as there is no contractual or statutory basis for such an award. We affirm.

¶ 25 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and JUDITH M. BILLINGS, Associate Presiding Judge.

---

4. Our conclusion that HOI was not unjustly enriched is premised on the trial court's factual findings regarding the sale price of house two and the amount HOI invested in house two. We defer to the trial court on these factual findings. *See Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 12, 12 P.3d 580. Moreover, on appeal, the Grobergs do not challenge these factual findings nor marshal the evidence against them.

5. The Grobergs also argue that the trial court misapplied the law when it found that the retention of a benefit without compensation is equita-

ble unless a "misleading act, request for service, or the like by the party who retained the benefit" is proven. The Grobergs argue that they are not required to prove such a misleading act because, unlike the parties in *Knight v. Post*, 748 P.2d 1097 (Utah Ct.App.1988), HOI and the Grobergs were in privity of contract. *See generally id.*, at 1098, 1101. Because we affirm the trial court's finding that HOI received no benefit and dispose of the unjust enrichment claim on this basis, we do not address the Grobergs' claim that the trial court misapplied the law.