2010 UT App 9

**ROBERTSON'S MARINE, INC., Plaintiff, Appellee, and Cross-appellant,**

v.

**I4 SOLUTIONS, INC., Defendant, Appellant, and Cross-appellee.**

**No. 20080962–CA.**

Court of Appeals of Utah.

Jan. 22, 2010.

Steven L. Rinehart, Woods Cross, for Appellant and Cross-appellee.

Richard R. Golden and James A. McIntyre, Salt Lake City, for Appellee and Cross-appellant.

Before Judges DAVIS, THORNE, and BENCH.[1]

## OPINION

THORNE, Judge:

¶ 1 I4 Solutions, Inc. (I4) appeals from the district court's judgment in this contract and unjust enrichment action between I4 and Robertson's Marine, Inc. (Robertson). Specifically, I4 challenges the district court's failure to award attorney fees to I4 under the parties' contract. Robertson cross-appeals, challenging the district court's conclusion that Robertson was unjustly enriched and seeking an award of attorney fees incurred in defending against I4's appeal. We affirm the district court's judgment but remand this matter for a determination of Robertson's reasonable attorney fees incurred in defending against I4's appeal.

## BACKGROUND

¶ 2 In April 2005, Robertson and I4 entered into a services contract whereby I4 was to design and implement a website for Robertson's boat dealership. Robertson paid I4 $3275, one half of the total contract price of $6550, at the time the contract was entered and agreed to pay the remaining $3275 when the website was completed and approved. The parties' contract included the following language pertaining to attorney fees: "I[, Robertson,] agree to pay all collection costs, including court costs and reasonable attorney[ ] fees if collection is required."

¶ 3 Although the contract did not contain a deadline for I4 to complete the website, Robertson anticipated that the website would be complete and operational by mid-summer of 2005 so that it would be usable by potential Robertson customers during the 2005 boating season. By December 2005, I4 had still not completed the website to Robertson's satisfaction, and Robertson demanded a refund of the $3275 it had paid I4. I4 refused Robertson's demand and Robertson sued I4 for breach of contract and unjust enrichment. I4 brought counterclaims against Robertson

seeking payment under the contract or unjust enrichment damages.

¶ 4 The district court conducted a bench trial in August 2008 and took the matter under advisement. On September 3, 2008, the district court issued a minute entry containing its ruling on the matter. In the minute entry, the district court described the terms of the contract and determined that I4 had substantially completed its work under the contract. However, the district court determined that I4 had failed to complete one component of the website-a price calculator that the parties had valued at $600. The district court did not find that either party had prevailed on its breach of contract claim. Rather, the district court ruled that Robertson had been unjustly enriched because I4 "complet[ed] the majority of the work on [Robertson's] website" and "[i]t would be unjust to permit [Robertson] to retain the benefit of these services and the resulting website without having paid for them." However, in light of I4's failure to complete the calculator component of the website and delay in completing the work, the district court ordered Robertson to pay I4 only $1800 rather than the full $3275 contemplated by the contract. The district court also ordered that each party was to be responsible for its own attorney fees and costs.

¶ 5 Despite the district court's attorney fee ruling, I4 filed a motion seeking an award of attorney fees under the contract. I4's motion argued that the district court should amend its ruling to find that I4 had prevailed on its breach of contract claim, but that, in any event, I4 was the prevailing party because of the unjust enrichment award. The district court effectively denied I4's motion in a minute entry noting that it had already ruled on attorney fees and again ordered each side to pay its own attorney fees and costs. Subsequently, the district court entered findings of fact and conclusions of law substantially reflecting its September 3 minute entry, and a judgment of $1800 in favor

1. Judge Russell W. Bench participated in this case as a regular member of the Utah Court of Appeals. However, he retired from the court on January 1, 2010, before this decision issued. Hence, he is designated herein as a Senior Judge. See Utah Code Ann. § 78A–3–103(2) (2008); Sup.Ct. R. of Prof'l Practice 11–201(6).

of I4. I4 appeals from that judgment, and Robertson cross-appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 We first address Robertson's argument on cross-appeal that the district court's factual findings do not support its legal conclusion that Robertson was unjustly enriched.[2] "Questions about the legal adequacy of findings of fact and the legal accuracy of the trial court's statements present issues of law, which we review for correctness, according no deference to the trial court." *Shar's Cars, LLC v. Elder*, 2004 UT App 258, ¶ 12, 97 P.3d 724 (internal quotation marks omitted). However, challenges to the adequacy or detail of a trial court's factual findings must be preserved for appeal in the trial court or such challenges are waived. *See In re K.F.*, 2009 UT 4, ¶¶ 58–64, 201 P.3d 985 (affirming and clarifying the preservation rule announced in *438 Main Street v. Easy Heat, Inc.*, 2004 UT 72, 99 P.3d 801).

¶ 7 Next, we address I4's argument on appeal, that it was the prevailing party in the action below and was therefore entitled to an award of attorney fees under the parties' contract. "The question of which party is the prevailing party 'depends, to a large measure, on the context of each case, and, therefore, it is appropriate to leave this determination to the sound discretion of the trial court.'" *Radman v. Flanders Corp.*, 2007 UT App 351, ¶ 26, 172 P.3d 668 (quoting *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119), *cert. denied*, 186 P.3d 957 (Utah 2008). The discretion permitted to the district court allows it the "flexibility to handle circumstances where both, or neither, parties may be considered to have prevailed." *R.T. Nielson Co.*, 2002 UT 11, ¶ 25, 40 P.3d 1119.

¶ 8 Finally, we address Robertson's request on cross-appeal that it be awarded its reasonable attorney fees incurred in defending against I4's appeal. "The general rule is that when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Brown v. Richards*, 840 P.2d 143, 156 (Utah Ct.App.1992).

## ANALYSIS

### I. Adequacy of the District Court's Factual Findings

¶ 9 On cross-appeal, Robertson argues that the district court's factual findings do not adequately support its legal conclusion that Robertson was unjustly enriched by I4. Specifically, Robertson argues that the district court failed to make adequate findings as to each of the three elements of unjust enrichment: (1) that a benefit was conferred; (2) appreciation or knowledge of the benefit by the conferee; and (3) acceptance or retention of the benefit under circumstances making it inequitable for the conferee to retain the benefit without payment of value. *See generally Allen v. Hall*, 2006 UT 70, ¶ 26, 148 P.3d 939; *Desert Miriah, Inc. v. B & L Auto, Inc.*, 2000 UT 83, ¶ 13, 12 P.3d 580.

¶ 10 Robertson did not raise these alleged deficiencies in the factual findings to the district court, and has therefore failed to preserve them as issues for appeal. "[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (alterations in original) (internal quotation marks omitted). "This requirement puts the trial judge on notice of the asserted error and allows for correction at that time in the course of the proceeding." *Id.*

¶ 11 The Utah Supreme Court has specifically addressed the preservation requirement as it applies to challenges to the adequacy of factual findings. In *In re K.F.*, 2009 UT 4, 201 P.3d 985, the court stated,

A trial court judge has the opportunity to address the sufficiency of the evidence to support the findings in his or her judgment. But a trial judge does not have the chance to address the adequacy of the findings themselves, unless that issue is brought before him or her. Therefore,

---

2. We note that, at oral argument, Robertson expressly abandoned its argument on cross-appeal that unjust enrichment was unavailable because of the existence of the parties' contract.

requiring a party to object to the adequacy of the detail of the trial court's findings before appeal allows the trial judge to address and correct, if necessary, the level of detail in his or her findings before the case moves forward.

*Id.* ¶ 62.

¶ 12 Because Robertson failed to preserve its adequacy arguments for appeal by objecting to the district court's factual findings below, Robertson has waived those arguments and we do not address them.[3] *See id.* ¶ 60. Accordingly, we affirm the district court's conclusion that Robertson was unjustly enriched and turn to the parties' arguments pertaining to attorney fees.

## II. Attorney Fees in the District Court

■ ¶ 13 I4 appeals the district court's denial of its request for an award of attorney fees. I4 argues that it should have been deemed the prevailing party below and was therefore entitled to an award of fees under the terms of the parties' contract.[4] The district court is vested with the sound discretion to determine the prevailing party in any particular case. *See Radman v. Flanders Corp.,* 2007 UT App 351, ¶ 26, 172 P.3d 668, *cert. denied,* 186 P.3d 957 (Utah 2008). This discretion allows the district court the "flexibility to handle circumstances where both, or neither, parties may be considered to have prevailed." *R.T. Nielson Co. v. Cook,* 2002 UT 11, ¶ 25, 40 P.3d 1119.

■ ¶ 14 I4 argues that it should be deemed the prevailing party for attorney fee purposes solely on the basis of its success in obtaining an unjust enrichment award. The problem, however, is that "[g]enerally, attorney fees are awarded only when authorized by contract or by statute." *Bilanzich v. Lonetti,* 2007 UT 26, ¶ 11, 160 P.3d 1041. An unjust enrichment claim seeks payment in equity and is not based on a breach of the parties' contract. *See generally American Towers Owners Ass'n v. CCI Mech., Inc.,* 930 P.2d 1182, 1193 (Utah 1996) ("The [unjust enrichment] doctrine is designed to provide an equitable remedy where one does not exist at law. In other words, if a legal remedy is available, such as breach of an express contract, the law will not imply the equitable remedy of unjust enrichment."). Thus, attorney fees are not awardable merely because a party prevails on an unjust enrichment claim. *Cf. Groberg v. Housing Opportunities, Inc.,* 2003 UT App 67, ¶ 24, 68 P.3d 1015 ("HOI was not entitled to an attorney fees award for defeating the Grobergs' claims for breach of contract *and unjust enrichment* as there is no contractual or statutory basis for such an award." (emphasis added)). We therefore conclude that I4's success in equity is insufficient to support an award of attorney fees in this matter.

■ ¶ 15 I4 next argues that the district court's factual findings support the legal conclusion that Robertson breached the parties' contract. Although the district court did find that I4 had "complet[ed] the majority of the work on the website," the court also found that I4 had failed to complete the calculator component of the website. Thus, the website that Robertson had contracted for was not complete, and Robertson was not in breach

---

**3.** We do note that Robertson limits its arguments to the district court's formal findings of fact and fails to consider the more detailed explanation of the court's ruling contained in the September 3 minute entry. *See generally Merriam v. Merriam,* 799 P.2d 1172, 1177 (Utah Ct.App.1990) ("[O]n review[,] we are not limited to written findings, and may properly examine findings expressed solely from the bench or contained in other court documents, such as court memoranda."); *see also* Utah R. Civ. P. 52(a) ("It will be sufficient if the findings of fact and conclusions of law ... appear in an opinion or memorandum of decision filed by the court.").

**4.** The attorney fee provision contained in the parties' contract applies only to collection actions, stating that Robertson "agree[s] to pay all

collection costs, including court costs and reasonable attorney[ ] fees if collection is required." Neither party argues that the other party's breach of contract claim is not a collection action for purposes of the attorney fee provision, and we treat the provision as applicable to both parties' breach of contract claims under the provision's plain language and Utah's reciprocal fees statute. *See* Utah Code Ann. § 78B–5–826 (2008) ("A court may award costs and attorney fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provisions of the promissory note, written contract, or other writing allow at least one party to recover attorney fees.").

of the contract by failing to pay I4 the full contract price because payment was not due on the contract until the website was completed and approved. ·

¶ 16 Considering only the district court's actual resolution of the parties' competing breach of contract claims, it is clear that this case presents "circumstances where both, or neither, parties may be considered to have prevailed." *R.T. Nielson Co.*, 2002 UT 11, ¶ 25, 40 P.3d 1119. Both I4 and Robertson prevailed in defending against the other's breach of contract claim and, conversely, failed to prevail in prosecuting their own claims. Under these circumstances, the district court did not exceed its discretion in simply ordering each party to bear its own fees and costs.[5]

¶ 17 I4's final argument that it should have been awarded attorney fees in the district court is essentially a public policy argument. I4 argues that "[d]enying an attorney fees award to a prevailing party who has negotiated to receive them (particularly a defendant), and who has proven non-liability for claims asserted against him" is against public policy because it allows for what amounts to extortion "in those situations, such as this, where the damages wrongfully claimed total less than the attorney fees necessary to defend against them." Whether or not I4's argument accurately portrays sound public policy in the abstract, it would not be applicable to this case because both I4 *and* Robertson successfully defended against the other's breach of contract claim. As noted above, *see supra* note 5, another possible resolution of this case would have been to award attorney fees to both parties for their degree of success on the contract claims. However, the district court's election to treat neither party as the prevailing party comports with the public policy argument propounded by I4 and, as stated above, fell within the district court's permitted discretion. We therefore decline the invitation to impose public policy dictates upon the district court's decision.

### III. Attorney Fees on Appeal

¶ 18 Finally, Robertson argues that it should be awarded its reasonable attorney fees incurred in defending against I4's appeal. Generally, "when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Brown v. Richards*, 840 P.2d 143, 156 (Utah Ct.App.1992). Under a strict reading of the general rule, Robertson would not be entitled to fees despite prevailing against I4's appeal because it was not awarded fees below. *See Holladay Towne Ctr., LLC v. Brown Family Holdings, LC*, 2008 UT App 420, ¶ 25, 198 P.3d 990 ("An award of fees on appeal requires both a fee award below and success in the appellate court."), *cert. granted*, 207 P.3d 432 (Utah 2009). Nevertheless, under the somewhat unique circumstances of this case, we agree that Robertson satisfies the rule and is entitled to an award of attorney fees for successfully defending against I4's appeal.

¶ 19 It is undisputed that, if it was not for the attendant circumstance that Robertson had brought its own unsuccessful breach of contract claim, Robertson would have been entitled to an award of attorney fees below for defeating I4's breach of contract claim. Additionally, we have noted that the district court could just as well have relied on the fact that each party prevailed in defending against the other's breach of contract claim and awarded offsetting fees to both I4 and Robertson. *See supra* note 5. Further, I4's unsuccessful breach of contract claim is the only contractual claim before this court on appeal, as Robertson elected not to appeal the defeat of its breach of contract claim.[6]

¶ 20 Under these circumstances, we conclude that an award of fees to Robertson for defending against I4's appeal is appropriate.

---

5. Alternatively, the district court might have ordered each side to pay the other's reasonable attorney fees incurred in successfully defending the breach of contract claims. *Cf. Brown v. Richards*, 840 P.2d 143, 154 n. 10 (Utah Ct.App. 1992) ("[B]oth parties are entitled to fees when both parties are successful in enforcing different provisions of a contract against the other.").

However, we see no requirement for such an exercise.

6. As discussed above, Robertson's cross-appeal was limited to challenging I4's success on its unjust enrichment claim.

The parties' contract included an attorney fees provision, and Robertson successfully defended against I4's breach of contract claim both in the district court and in this court. Robertson would have been awarded fees below had it not brought its own breach of contract claim, or had the district court chosen to impose offsetting attorney fee awards rather than denying fees altogether. We conclude that these circumstances satisfy the requirement that Robertson have been awarded fees below, and we accordingly award Robertson its reasonable attorney fees incurred in defending against I4's appeal. *See Brown,* 840 P.2d at 156 ("[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal.").

## CONCLUSION

¶ 21 Robertson failed to preserve its challenges to the adequacy of the district court's factual findings, and we do not address them. The district court's order that each side bear its own attorney fees below was proper in light of the parties' equal degree of success, or lack thereof, in prosecuting and defending their competing breach of contract claims. We also award Robertson attorney fees for successfully defending against I4's breach of contract claim on appeal. Accordingly, we affirm but remand this matter to the district court for a determination of Robertson's reasonable attorney fees incurred in defending against I4's contract claim appeal.

¶ 22 I CONCUR IN THE RESULT:
JAMES Z. DAVIS, Presiding Judge.

BENCH, Judge (concurring in part and dissenting in part):

¶ 23 I concur with the analysis in sections I and II but dissent from the majority's decision to award Robertson attorney fees incurred on appeal. Because Robertson did not receive attorney fees as the prevailing party below, I would not award it attorney fees on appeal.

¶ 24 "An award of [attorney] fees on appeal requires both a fee award below and success in the appellate court." *Holladay Towne Ctr., LLC v. Brown Family Holdings,*

*LC,* 2008 UT App 420, ¶ 25, 198 P.3d 990 (citing *Valcarce v. Fitzgerald,* 961 P.2d 305, 319 (Utah 1998) ("[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (internal quotation marks omitted))), *cert. granted,* 207 P.3d 432 (Utah 2009). The determination of "[w]hich party is the prevailing party" for purposes of awarding attorney fees is within "the sound discretion of the trial court" because "the trial court is in a better position [to determine] which party is the prevailing party" and requires the "flexibility to handle circumstances where both, or neither, parties may be considered to have prevailed." *R.T. Nielson Co. v. Cook,* 2002 UT 11, ¶ 25, 40 P.3d 1119. Consequently, an appellate court's decision to award attorney fees on appeal relies upon the trial court's discretionary determination of which party was the prevailing party below. *See generally Crank v. Utah Judicial Council,* 2001 UT 8, ¶ 44 n. 18, 20 P.3d 307 ("We find no basis for awarding any attorney fees on appeal at this time.... The question of entitlement to fees at the trial court level has not yet been determined. Thus, any appropriate award of attorney fees on appeal is dependent upon that determination and should be assessed by the district court on remand." (citing *Valcarce,* 961 P.2d at 319)).

¶ 25 Here, the majority concludes that "the district court did not exceed its discretion in simply ordering each party to bear its own fees" because "this case presents 'circumstances where both, or neither, parties may be considered to have prevailed.'" *Supra* ¶ 16 (quoting *R.T. Nielson Co.,* 2002 UT 11, ¶ 25, 40 P.3d 1119). Yet the majority then awards Robertson attorney fees on appeal, reasoning that "the district court could just as well have declared each party to have prevailed in defending against the other's breach of contract claims and awarded offsetting fees to both" parties. *Supra* ¶ 19. This reasoning relies on what the district court could have done and overlooks what the district court actually did in the exercise of its discretion. As a result, the majority simultaneously defers to the district court's discretion yet then substitutes its own judgment in place of the district court's discretionary de-

termination of who prevailed. Unless the majority can conclude that the district court abused its discretion in determining that Robertson was the prevailing party below, it should not award Robertson attorney fees on appeal.

¶ 26 Accordingly, I respectfully dissent in part.