This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 30,681**

**GUADALUPE URQUIZO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals his conviction for aggravated battery (deadly weapon). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**MOTION FOR CONTINUANCE**

Defendant continues to claim that the district court should have granted him a continuance to further review a videotape and to interview witnesses who may have overheard a conversation involving the victim. [MIO 4]  The granting or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the appellant. *See State v. Sanchez*, 120 N.M. 247, 253, 901 P.2d 178, 184 (1995).

With respect to the videotape of the incident, Defendant argued that he received it less than one week before trial, and he needed more time to review it and discuss it with Defendant and possible witnesses. [MIO 5]  Defendant does not specify that there was anything in the record that supports the view that their testimony would have been helpful to the defense. [MIO 8-9]  Defendant testified that he merely threatened Victim with the broom, and did not hit him. [MIO 4] There is no indication that any witnesses would have refuted the videotaped evidence.  Accordingly, we conclude that any prejudice from the denial of his motion is too speculative to constitute reversible error. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

With respect to any out-of-court statements made by Victim, Defendant indicates that the court decided a continuance was not necessary after hearing the in

camera testimony of a detention officer concerning the statements. [MIO 5] As we stated in our calendar notice, it appears that this post-incident comment would have had little probative value, and defense counsel could have asked Victim about it on cross-examination. *See State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (noting that an abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case.).

**SUFFICIENCY OF THE EVIDENCE**

Defendant has argued that the district court erred in denying his motion for a directed verdict on the deadly weapon element of the assault charge. "The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

Defendant's specific challenge is whether a broom handle can be considered a deadly weapon. [MIO 9] It is well-established that "[w]here the instrument used is not one declared by the statute to be a deadly weapon, it is ordinarily a question for the jury to determine whether it is so, considering the character of the instrument and the manner of its use." *State v. Traeger*, 2001-NMSC-022, ¶ 16, 130 N.M. 618, 29 P.3d 518 (alteration in original) (internal quotation marks and citation omitted). In making this determination, the jury must decide whether the object or instrument is a "weapon which is capable of producing death or great bodily harm" or a weapon "with which dangerous thrusts can be inflicted." NMSA 1978, § 30-1-12(B) (1963); UJI 14-322 NMRA; *State v. Anderson*, 2001-NMCA-027, ¶ 15, 130 N.M. 295, 24 P.3d 327. As Defendant appears to acknowledge [MIO 12], our case law is clear that an object such as a broom handle may constitute a deadly weapon. *See e.g.*, *id.* ¶¶ 10, 14 (interpreting Section 30-1-12(B) in the context of a charge of aggravated stalking with a stick as a deadly weapon); *Traeger*, 2001-NMSC-022, ¶ 10 (interpreting Section 30-1-12(B) in the context of a charge of aggravated battery with a baseball bat as a deadly weapon). In short, a broom handle is capable of inflicting dangerous wounds.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

5

 

                                  _____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**